**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____     Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Linn Energy, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **65-1177591** |

**4. Debtor's address**

**Principal place of business**

**JPMorgan Chase Tower**
Number        Street

**600 Travis, Suite 5100**

**Houston, Texas 77002**
City                    State        Zip Code

**Harris County, Texas**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                    State    Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                    State    Zip Code

**5. Debtor's website** (URL)     **http://www.linnenergy.com/**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

Debtor _____Linn Energy, LLC_____     Case number *(if known)* _____
          Name

| | |
|---|---|
| **7.  Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
    **2111**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____ When _____   Case number _____
                              MM/DD/YYYY
         District _____ When _____   Case number _____
                              MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor  **See Rider 1**            Relationship  **Affiliate**

         District  **Southern District of Texas**     When
                                                       **05/11/2016**
                                                       MM / DD / YYYY
         Case number, if known _____

| Debtor | Linn Energy, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

| **11. Why is the case filed in *this* district?** | Check all that apply: |
|---|---|
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| _____ | |
| Number | Street |

| _____ | _____ |
| City | State  Zip Code |

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

   Contact name _____

   Phone _____

---

| | **Statistical and administrative information** |
|---|---|

---

**13. Debtor's estimation of available funds**

Check one:
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor     Linn Energy, LLC                              Case number *(if known)* _____
Name

| **16. Estimated liabilities** | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **05/11/2016**
                MM/ DD / YYYY

✗   **/s/ Arden L. Walker, Jr.**                         **Arden L. Walker, Jr.**
     Signature of authorized representative of debtor            Printed name

Title   **Authorized Signatory**

**18. Signature of attorney**

✗   **/s/ Patricia B. Tomasco**             Date   **05/11/2016**
     Signature of attorney for debtor                     MM/ DD/YYYY

**Patricia B. Tomasco**
Printed name

**Jackson Walker L.L.P.**
Firm name

**1401 McKinney Street, Suite 1900**
Number           Street

**Houston**                          **Texas**       **77010**
City                                 State       ZIP Code

**(713) 752-4200**                      **ptomasco@jw.com**
Contact phone                           Email address

**01797600**                        **Texas**
Bar number                         State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the :

**Southern District of Texas**

(State)

Case number *(if known)*: _____   Chapter   **11**

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Linn Energy, LLC.

- Linn Energy, LLC
- Berry Petroleum Company, LLC
- LinnCo, LLC
- Linn Acquisition Company, LLC
- Linn Energy Finance Corp.
- Linn Energy Holdings, LLC
- Linn Exploration & Production Michigan LLC
- Linn Exploration Midcontinent, LLC
- Linn Midstream, LLC
- Linn Midwest Energy LLC
- Linn Operating, Inc.
- Mid-Continent I, LLC
- Mid-Continent II, LLC
- Mid-Continent Holdings I, LLC
- Mid-Continent Holdings II, LLC

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LINN ENERGY, LLC, | ) Case No. 16-[_____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is: **000-51719**

2. The following financial data is the latest available information and refers to the debtor's condition on **March 31, 2016**

(a) Total assets                                                         $ **11,611,848,522**

(b) Total debts (including debts listed in 2.c., below)   $ **8,277,575,264**

(c) Debt securities held by more than 500 holders        **None**

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

(d) Debt securities held by more than 500 holders

(e) Debt securities held by more than 500 holders

Comments, if any: **Linn Energy, LLC does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.**

3. Brief description of debtor's business: **The Debtors operate an independent oil and natural gas business with approximately 1,650 employees. Headquartered in Houston, Texas, as of year-end 2015, the Debtors had approximately 27,000 gross productive wells in the United States, including in California, Colorado, Illinois, Kansas, Louisiana, Michigan, New Mexico, North Dakota, Oklahoma, Texas, Utah, and Wyoming.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: **LinnCo, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LINN ENERGY, LLC, | ) Case No. 16-[_____] (___) |
| | ) |
| Debtor. | ) |
| | ) |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| LinnCo, LLC | 67% |

Fill in this information to identify the case and this filing:

Debtor Name     **Linn Energy, LLC**

United States Bankruptcy Court for the:     **Southern District of Texas**
(State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration_____ **Corporate Ownership Statement** _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**05/11/2016**            ☒ */s/ Arden L. Walker, Jr.*
MM/ DD/YYYY            Signature of individual signing on behalf of debtor

                                 **Arden L. Walker, Jr.**
                                 Printed name

                                 **Authorized Signatory**
                                 Position or relationship to debtor

**LINN ENERGY LLC**
**SECRETARY'S CERTIFICATION**

The undersigned, Candice J. Wells, Corporate Secretary of Linn Energy, LLC (the "Company"), a Delaware limited liability company, hereby certifies as follows:

1. I am the duly qualified and elected Secretary and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true, complete, and correct copy of the resolutions executed by the board of directors of the Company, adopted in accordance with the bylaws of the Company.

3. Such written consent has not been amended, altered, annulled, rescinded, or revoked and is in full force and effect as of the date hereof. There exist no other subsequent written consents of the Member relating to the matters set forth in the written consent attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 11th day of May, 2016.

Candice J. Wells
Corporate Secretary

## LINN ENERGY, LLC
## BOARD OF MANAGERS RESOLUTIONS
## MAY 11, 2016

### Item 1.  Restructuring Update

Effective as of this 11th day of May 2016, the members constituting a majority of the votes of a quorum of the board of managers (the "Board of Managers") of Linn Energy, LLC, Delaware limited liability company (the "Company"), took the following actions and adopted the following resolutions:

*Chapter 11 Filing*

WHEREAS, the Company having entered into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among the Company, certain of its affiliates, certain consenting creditors, and certain consenting parties, substantially in the form presented to the Board of Managers;

WHEREAS, the Restructuring Support Agreement contemplates the commencement of voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to implement the restructuring transactions set forth therein;

WHEREAS, the Board of Managers considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

WHEREAS, the Board of Managers has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board of Managers, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in a court of proper jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that any officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

*Retention of Professionals*

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Jackson Walker L.L.P. as co-bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to

advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Jackson Walker L.L.P.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Lazard Frères & Co. LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Lazard Frères & Co. LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of AlixPartners as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Prime Clerk, LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC.

RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case.

### *Cash Collateral and Adequate Protection*

RESOLVED, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Collateral</u>"), which is security for the prepetition lenders party to:

(a) that certain credit agreement dated as of April 25, 2013 (as amended, modified, or supplemented and in effect immediately prior to the Petition Date, the "<u>First Lien Credit Agreement</u>"), among the Company, as borrower, Linn Energy Holdings, LLC, Linn Operating Inc., Linn Energy Finance Corp., Linn Exploration & Production Michigan, LLC, Linn Midwest Energy LLC, Mid-Continent Holdings I, LLC, Mid-Continent I, LLC, Mid-Continent Holdings II, LLC, Mid-Continent II, LLC, Linn Exploration Midcontinent, LLC, and Linn Midstream (collectively, the "<u>Subsidiary Guarantors</u>"), Wells Fargo Bank, National Association, or its successor as administrative agent (the "<u>Agent</u>"), and the lenders that are parties thereto from time to time (such lenders, the "<u>First Lien Creditors</u>"); and

(b) that certain indenture (the "Second Lien Notes Indenture," and, together with all other loan and security documents (including, without limitation, the documents executed in connection with the Settlement Agreement (as defined herein)), dated November 20, 2015, for the 12.00% senior second lien notes due November, 2020, by and among the Company and Linn Energy Finance Corp.., as co-issuers, the Subsidiary Guarantors, as guarantors, and Delaware Trust Company, as successor indenture trustee (the lenders party to the Second Lien Notes Indenture, the "Second Lien Creditors" and, together with the First Lien Creditors, the "Creditors").   "Settlement Agreement" shall mean that certain settlement agreement (together with all agreements, documents, certificates, and instruments delivered or executed from time to time in connection with such settlement agreement), between the Company, the Subsidiary Guarantors, Delaware Trust Company, as successor indenture trustee, and certain of the Second Lien Creditors, dated April 4, 2016.

RESOLVED, that in order to use and obtain the benefits of the Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the First Lien Creditors (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms and provisions of the Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted and approved, and each of the Authorized Officers of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the Cash Collateral Order, the "Cash Collateral Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board of Managers, with such changes, additions and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any mortgages, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Cash Collateral Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each

case as the Agent may reasonably request to perfect the security interests of the Agent under the Cash Collateral Order.

RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

RESOLVED, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

*General*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that Arden Walker shall be designated as an Authorized Officer, and shall be authorized and empowered in the name of and on behalf of the Companies, to take or cause to be taken any any and all such other and further action necessary to commence the Chapter 11 Cases.

RESOLVED, that all members of the Board of Managers of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Managers.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

*        *        *

IN WITNESS WHEREOF, the undersigned have executed this Resolution as of the date above first written.

_____
Ellis, Mark E.


_____
Dunlap, David D.


_____
Hadden, Stephen J.


_____
Linn, Michael C.


_____
McCoy, Joseph P.


_____
Swoveland, Jeffrey C.

IN WITNESS WHEREOF, the undersigned have executed this Resolution as of the date above first written.

_____
Ellis, Mark E.

_____
Dunlap, David D.

_____
Hadden, Stephen J.

_____
Linn, Michael C.

_____
McCoy, Joseph P.

_____
Swoveland, Jeffrey C.

IN WITNESS WHEREOF, the undersigned have executed this Resolution as of the date above first written.

_____
Ellis, Mark E.


_____
Dunlap, David D.


_____
Hadden, Stephen J.


_____
Linn, Michael C.


_____
McCoy, Joseph P.


_____
Swoveland, Jeffrey C.

IN WITNESS WHEREOF, the undersigned have executed this Resolution as of the date above first written.

_____
Ellis, Mark E.


_____
Dunlap, David D.


_____
Hadden, Stephen J.


_____
Linn, Michael C.


_____
McCoy, Joseph P.


_____
Swoveland, Jeffrey C.

IN WITNESS WHEREOF, the undersigned have executed this Resolution as of the date above first written.

_____
Ellis, Mark E.


_____
Dunlap, David D.


_____
Hadden, Stephen J.


_____
Linn, Michael C.


_____
McCoy, Joseph P.


_____
Swoveland, Jeffrey C.

IN WITNESS WHEREOF, the undersigned have executed this Resolution as of the date above first written.

_____
Ellis, Mark E.


_____
Dunlap, David D.


_____
Hadden, Stephen J.


_____
Linn, Michael C.


_____
McCoy, Joseph P.


_____
Swoveland, Jeffrey C.

**Fill in this information to identify the case:**

Debtor name _____ Linn Energy, LLC., *et al.* _____

United States Bankruptcy Court for the: _____ Southern _____ District of _____ Texas _____
                                                                                                    (State)
Case number *(If known):* _____

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest
## Unsecured Claims and Are Not Insiders                                    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust Company<br>Attn: Mr. Steven M. Cimalore<br>Rodney Square North<br>1100 North Market Street<br>WILMINGTON, DE 19890-1600 | Wilmington Trust Company<br>Attn: Mr. Steven M. Cimalore<br>PHONE:<br>FAX: 302-651-4149<br>EMAIL: | LINN 7.75% senior unsecured notes due 2021 | | | | $822,586,777.69 |

Debtor   Linn Energy, LLC., *et al.*                        Case Number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 2 | Wilmington Trust Company<br>Attn: Mr. Steven M. Cimalore<br>Rodney Square North<br>1100 North Market Street<br>WILMINGTON, DE 19890-1600 | Wilmington Trust Company<br>Attn: Mr. Steven M. Cimalore<br>PHONE:<br>FAX: 302-651-4149<br>EMAIL: | LINN 8.625% senior unsecured notes due 2020 | | | | $785,576,329.32 |
| 3 | Wilmington Trust Company<br>Attn: Mr. Steven M. Cimalore<br>Rodney Square North<br>1100 North Market Street<br>WILMINGTON, DE 19890-1600 | Wilmington Trust Company<br>Attn: Mr. Steven M. Cimalore<br>PHONE:<br>FAX: 302-651-4149<br>EMAIL: | LINN 6.25% senior unsecured notes due 2019 | | | | $600,725,693.63 |
| 4 | The Bank of New York Mellon Trust Company, N.A.<br>Attention: General Counsel<br>400 SOUTH HOPE STREET<br>SUITE 500<br>LOS ANGELES, CA 90071 | The Bank of New York Mellon Trust Company, N.A.<br>Attention: General Counsel<br>PHONE: 979-691-7992<br>FAX: 979-691-6546<br>EMAIL: | BERRY 6.375% senior unsecured notes due 2022 | | | | $598,533,612.30 |
| 5 | Wilmington Trust Company<br>Attn: Mr. Steven M. Cimalore<br>Rodney Square North<br>1100 North Market Street<br>WILMINGTON, DE 19890-1600 | Wilmington Trust Company<br>Attn: Mr. Steven M. Cimalore<br>PHONE:<br>FAX: 302-651-4149<br>EMAIL: | LINN 6.5% senior unsecured notes due 2019 | | | | $580,244,371.76 |

Debtor   <u>Linn Energy, LLC., *et al.*</u>          Case Number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 6 | Wilmington Trust Company Attn: Mr. Steven M. Cimalore Rodney Square North 1100 North Market Street WILMINGTON, DE 19890-1600 | Wilmington Trust Company Attn: Mr. Steven M. Cimalore PHONE: FAX: 302-651-4149 EMAIL: | LINN 6.5% senior unsecured notes due 2021 | | | | $399,130,446.33 |
| 7 | The Bank of New York Mellon Trust Company, N.A. Attention: General Counsel 400 SOUTH HOPE STREET SUITE 500 LOS ANGELES, CA 90071 | The Bank of New York Mellon Trust Company, N.A. Attention: General Counsel PHONE: 979-691-7992 FAX: 979-691-6546 EMAIL: | BERRY 6.75% senior unsecured notes due 2020 | | | | $270,450,643.75 |
| 8 | BAKER HUGHES BUSINESS SUPPORT Attention: General Counsel 2929 Allen Parkway, Suite 2100 HOUSTON, TX 77019-2118 | BAKER HUGHES BUSINESS SUPPORT Attention: General Counsel PHONE: FAX: EMAIL: | Trade | | | | $939,021.73 |
| 9 | NEWFIELD EXPLORATION MID-CONT INC Attention: General Counsel 4 Waterway Square Place, Suite 100 THE WOODLANDS, TX 77380 | NEWFIELD EXPLORATION MID-CONT INC Attention: General Counsel PHONE: 281-210-5101 FAX: 281-210-5100 EMAIL: aphouston@newfield.com | Joint Interest Billing | | | | $930,368.49 |

Debtor   <u>Linn Energy, LLC., *et al.*</u>          Case Number (if known)   _____
          Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 10 | CONOCOPHILLIPS COMPANY Attention: General Counsel 600 North Dairy Ashford PO BOX 2197 HOUSTON, TX 77252-2197 | CONOCOPHILLIPS COMPANY Attention: General Counsel PHONE: 281-293-1000 FAX: EMAIL: | Joint Interest Billing | | | | $692,940.55 |
| 11 | PACIFIC GAS AND ELECTRIC COMPANY Attention: General Counsel 1918 H ST BAKERSFIELD, CA 93301 | PACIFIC GAS AND ELECTRIC COMPANY Attention: General Counsel PHONE: 415-973-8800 FAX: EMAIL: | Trade | | | | $606,626.51 |
| 12 | TRUITT OILFIELD MAINTENANCE CORP Attention: General Counsel 3700 Pegasus Dr Suite 100 BAKERSFIELD, CA 93308 | TRUITT OILFIELD MAINTENANCE CORP Attention: General Counsel PHONE: 661-399-5021 FAX: EMAIL: | Trade | | | | $355,447.61 |
| 13 | WEATHERFORD ARTIFICIAL LIFT SYSTEMS LLC Attention: General Counsel 17645 Nafcoat Ln SAPULPA, OK 74066 | WEATHERFORD ARTIFICIAL LIFT SYSTEMS LLC Attention: General Counsel PHONE: 713-836-4000 FAX: EMAIL: | Trade | | | | $354,337.49 |

Debtor    Linn Energy, LLC., *et al.*                              Case Number (if known) _____
          Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 14 | ARCHROCK SERVICES, L P<br>Attention: General Counsel<br>16666 Northchase Dr.<br>HOUSTON, TX 77060 | ARCHROCK SERVICES, L P<br>Attention: General Counsel<br>PHONE: 281-836-8000<br>FAX: 281-248-4388<br>EMAIL: | Trade | | | | $346,560.48 |
| 15 | KEL-TECH INC<br>Attention: General Counsel<br>3408 East Highway 158<br>MIDLAND, TX 79706 | KEL-TECH INC<br>Attention: General Counsel<br>PHONE: 432-684-4700<br>FAX: 432-686-8000<br>EMAIL: info@keltechinc.com | Trade | | | | $332,895.01 |
| 16 | BURLINGTON RESOURCES FINANCIAL SERVICES INC<br>Attention: General Counsel<br>5051 Westheimer, Suite 1400<br>HOUSTON, TX 77056 | BURLINGTON RESOURCES FINANCIAL SERVICES INC<br>Attention: General Counsel<br>PHONE: 713-624-9500<br>FAX:<br>EMAIL: | Joint Interest Billing | | | | $330,585.34 |
| 17 | EOG RESOURCES INC.<br>Attention: General Counsel<br>PO BOX 4362<br>HOUSTON, TX 77210-4362 | EOG RESOURCES INC.<br>Attention: General Counsel<br>PHONE: 713-651-7000<br>FAX:<br>EMAIL: EOG_IR@eogresources.com | Joint Interest Billing | | | | $319,280.98 |

Debtor    Linn Energy, LLC., *et al.*                          Case Number (if known) _____
              Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 18 | GENERAL PRODUCTION SERVICE INC Attention: General Counsel 1333 Kern St. TAFT, CA 93268 | GENERAL PRODUCTION SERVICE INC Attention: General Counsel PHONE: 661-765-5330 FAX: 661-765-4860 EMAIL: gps@genprod.com | Trade | | | | $299,058.00 |
| 19 | XCEL ENERGY Attention: General Counsel 414 Nicollet Mall MINNEAPOLIS, MN 55401 | XCEL ENERGY Attention: General Counsel PHONE: 621-215-4535 FAX: EMAIL: paul.ajohnson@xcelenergy.com | Trade | | | | $291,123.77 |
| 20 | COMPLETE ENERGY SERVICES Attention: General Counsel 3333-I35 NORTH, BUILDING F GAINESVILLE, TX 76420 | COMPLETE ENERGY SERVICES Attention: General Counsel PHONE: 940-668-5100 FAX: EMAIL: | Trade | | | | $285,227.06 |
| 21 | BP AMERICA PRODUCTION COMPANY Attention: General Counsel 501 Westlake Park Blvd HOUSTON, TX 77079 | BP AMERICA PRODUCTION COMPANY Attention: General Counsel PHONE: 281-366-2000 FAX: EMAIL: bpconsum@bp.com | Joint Interest Billing | | | | $282,369.01 |

Debtor  <u>Linn Energy, LLC., *et al.*</u>  Case Number (if known)  <u>_____</u>
Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 22 | KINGS OIL TOOLS Attention: General Counsel 724 SPRING ST PASO ROBLES, CA 93446 | KINGS OIL TOOLS Attention: General Counsel PHONE: 805-238-9311 FAX: 805-238-9411 EMAIL: | Trade | | | | $256,033.01 |
| 23 | HUDIBURG FORD LLC Attention: General Counsel 5800 TINKER DIAGONAL MIDWEST CITY, OK 73110 | HUDIBURG FORD LLC Attention: General Counsel PHONE: 405-737-6641 FAX: EMAIL: | Trade | | | | $235,780.00 |
| 24 | NTS,INC. Attention: General Counsel 8200 STOCKDALE HWY #M10-306 BAKERSFIELD, CA 93311 | NTS,INC. Attention: General Counsel PHONE: 661-588-8514 FAX: 661-588-9484 EMAIL: | Trade | | | | $222,898.26 |
| 25 | PCS FERGUSON US Attention: General Counsel 3771 Eureka Way FREDERICK, CO 80516 | PCS FERGUSON US Attention: General Counsel PHONE: 720-407-3550 FAX: 720-407-3540 EMAIL: | Trade | | | | $176,869.83 |

Debtor    Linn Energy, LLC., *et al.*　　　　　　　　    Case Number (if known) _____
　　　　　　Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 26 | PIONEER WELL SERVICES LLC Attention: General Counsel 1250 NE Loop 410 Suite 1000 SAN ANTONIO, TX 78209 | PIONEER WELL SERVICES LLC Attention: General Counsel PHONE: 210-828-7689 FAX: EMAIL: investorrelations@pioneeres.com | Trade | | | | $171,239.24 |
| 27 | ACCELERATED ENVIRONMENTAL SERVICES INC Attention: General Counsel 23601 Taft Hwy TAFT, CA 93311 | ACCELERATED ENVIRONMENTAL SERVICES INC Attention: General Counsel PHONE: 661-765-4003 FAX: 661-843-1004 EMAIL: | Trade | | | | $152,092.43 |
| 28 | WHITING OIL & GAS CORPORATION Attention: General Counsel 1700 Broadway #2300 DENVER, CO 80290 | WHITING OIL & GAS CORPORATION Attention: General Counsel PHONE: (303) 837-1661 FAX: (303) 861-4023 EMAIL: info@whiting.com | Joint Interest Billing | | | | $150,482.90 |
| 29 | SELECT ENERGY SERVICES,LLC Attention: General Counsel 1400 Post Oak Blvd, Ste 400 HOUSTON, TX 77056 | SELECT ENERGY SERVICES,LLC Attention: General Counsel PHONE: 432-686-2758 FAX: 432-686-2768 EMAIL: | Trade | | | | $144,198.50 |

Debtor   Linn Energy, LLC., *et al.*          Case Number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | | |
|---|---|---|---|---|---|---|---|---|
| 30 | R CONSTRUCTION CO INC Attention: General Counsel 1313 US-79 BUFFALO, TX 75831 | R CONSTRUCTION CO INC Attention: General Counsel PHONE: 903-322-4639 FAX: 903-322-3318 EMAIL: | Trade | | | | | $134,849.05 |
| 31 | SIGNAL PERFECTION LTD Attention: General Counsel 9180 Rumsey Rd COLUMBIA, MD 21045 | SIGNAL PERFECTION LTD Attention: General Counsel PHONE: 410-992-0998 FAX: 510-992-0758 EMAIL: | Trade | | | | | $115,171.11 |
| 32 | NALCO COMPANY Attention: General Counsel 7705 Highway 90-A SUGAR LAND, TX 77478 | NALCO COMPANY Attention: General Counsel PHONE: 708-496-5052 FAX: 708-496-5007 EMAIL: | Trade | | | | | $112,074.57 |
| 33 | MKS SERVICES LLC Attention: General Counsel 6389 US HIGHWAY 79 S PALESTINE, TX 75801 | MKS SERVICES LLC Attention: General Counsel PHONE: 903-538-2015 FAX: 903-538-2050 EMAIL: | Trade | | | | | $109,527.90 |

Debtor    Linn Energy, LLC., *et al.*                    Case Number (if known) _____
                Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 34 | FSP 1999 BROADWAY LLC Attention: General Counsel 1999 Broadway #510 DENVER, CO 80202 | FSP 1999 BROADWAY LLC Attention: General Counsel PHONE: 303-292-1999 FAX: EMAIL: | Trade | | | | $108,521.28 |
| 35 | HUDIBURG CHEVROLET Attention: General Counsel 6000 TINKER DIAGONAL MIDWEST CITY, OK 73110-2830 | HUDIBURG CHEVROLET Attention: General Counsel PHONE: 405-737-6641 FAX: EMAIL: | Trade | | | | $107,224.00 |
| 36 | WELL MASTER CORPORATION Attention: General Counsel 400 CORPORATE CIR STE L-M GOLDEN, CO 80401-5639 | WELL MASTER CORPORATION Attention: General Counsel PHONE: 303-980-0254 FAX: EMAIL: info@wellmaster.com | Trade | | | | $105,899.95 |
| 37 | UCI CONSTRUCTION,INC. Attention: General Counsel 261 Arthur Road Martinez, CA 94553 | UCI CONSTRUCTION,INC. Attention: General Counsel PHONE: 925-370-9808 FAX: 925-370-9876 EMAIL: | Trade | | | | $105,329.06 |

Debtor   Linn Energy, LLC., *et al.*                    Case Number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 38 | SLAWSON EXPLORATION CO INC/OPR Attention: General Counsel 727 N WACO STE 400 WICHITA, KS 67203 | SLAWSON EXPLORATION CO INC/OPR Attention: General Counsel PHONE: 316-263-3201 FAX: 316-268-0708 EMAIL: info@slawsoncompanies.com | Joint Interest Billing | | | | $98,788.79 |
| 39 | GLOBAL ONE TRANSPORT INC Attention: General Counsel PO BOX 470518 FORT WORTH, TX 76147 | GLOBAL ONE TRANSPORT INC Attention: General Counsel PHONE: 817-717-1000 FAX: 817-332-8470 EMAIL: | Trade | | | | $97,850.00 |
| 40 | MCJUNKIN RED MAN CORP Attention: General Counsel 28 Kennedy Blvd #100 EAST BRUNSWICK, NJ 08816- | MCJUNKIN RED MAN CORP Attention: General Counsel PHONE: 732-225-4005 FAX: 713-655-1477 EMAIL: | Trade | | | | $97,610.75 |
| 41 | DCP MIDSTREAM LP Attention: General Counsel 370 17th Street, Suite 2500 DENVER, CO 80202 | DCP MIDSTREAM LP Attention: General Counsel PHONE: 303-595-3331 FAX: 720-944-0209 EMAIL: lwhuddleston@dcpmidstream.com | Trade | | | | $97,187.22 |

Debtor    Linn Energy, LLC., *et al.*                    Case Number (if known) _____
           Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | | |
|---|---|---|---|---|---|---|---|---|
| 42 | WATKINS CONSTRUCTION CO INC Attention: General Counsel 112 E Cedar St TAFT, CA 93268 | WATKINS CONSTRUCTION CO INC Attention: General Counsel PHONE: 661-763-5395 FAX: 661-763-1936 EMAIL: info@watkinsconstruction.com | Trade | | | | | $96,863.85 |
| 43 | H TWENTY TRANSPORTATION,LLC Attention: General Counsel 3363 W 4000 N ROOSEVELT, UT 84066 | H TWENTY TRANSPORTATION,LLC Attention: General Counsel PHONE: 043-582-3468 FAX: 435-353-4824 EMAIL: | Trade | | | | | $95,544.50 |
| 44 | UTE OILFIELD WATER SERVICE,LLC Attention: General Counsel 1348 S 3000 W ROOSEVELT, UT 84066 | UTE OILFIELD WATER SERVICE,LLC Attention: General Counsel PHONE: 435-725-7051 FAX: 435-722-9948 EMAIL: | Trade | | | | | $95,171.80 |
| 45 | GONZO LLC Attention: General Counsel 2169 I-70 Frontage Rd DE BEQUE, CO 81630 | GONZO LLC Attention: General Counsel PHONE: 970-283-5426 FAX: 970-283-9522 EMAIL: office@gonzoenergy.com | Trade | | | | | $90,756.08 |

Debtor   <u>Linn Energy, LLC., *et al.*</u>          Case Number (if known) _____
           Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 46 | PENGO WIRELINE OF CALIFORNIA Attention: General Counsel 3529 STANDARD STREET BAKERSFIELD, CA 93308 | PENGO WIRELINE OF CALIFORNIA Attention: General Counsel PHONE: 661-327-9900 FAX: EMAIL: mmoreau@casedholewellservices.com | Trade | | | | $90,226.40 |
| 47 | DRILTEK Attention: General Counsel 901 TOWER WAY STE 102 BAKERSFIELD, CA 93309 | DRILTEK Attention: General Counsel PHONE: 661-327-3021 FAX: 661-327-4150 EMAIL: info@DRILTEK.com | Trade | | | | $89,865.00 |
| 48 | WESTERN CHEMICAL LLC Attention: General Counsel 2766 West 200 South ROOSEVELT, UT 84066 | WESTERN CHEMICAL LLC Attention: General Counsel PHONE: 435-722-3006 FAX: 435-722-3005 EMAIL: | Trade | | | | $87,037.63 |
| 49 | MERIT ENERGY COMPANY Attention: General Counsel 13727 Noel Road, Suite 1200 Tower 2 DALLAS, TX 75240 | MERIT ENERGY COMPANY Attention: General Counsel PHONE: 972-701-8377 FAX: 972-960-1252 EMAIL: | Joint Interest Billing | | | | $84,759.62 |

Debtor   Linn Energy, LLC., *et al.*
Name

Case Number (if known) _____

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidat | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 50 | QUALITY WELL SERVICE INC  Attention: General Counsel  324 SIMPSON  PRATT, KS 67124-9045 | QUALITY WELL SERVICE INC  Attention: General Counsel  PHONE: 254-559-5439  FAX: 620-672-3663  EMAIL: | Trade | | | | $84,686.27 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Linn Energy, LLC., *et al.* |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that reqsuires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **05/11/2016** | ☒  /s/ Arden L. Walker, Jr. |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Arden L. Walker, Jr.** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**