## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LINN ENERGY, LLC, *et al.*,[1] | ) | Case No. 16-60040 (DRJ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
(A) EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENTS,
(B) AUTHORIZING CONSOLIDATED CREDITORS LISTS, (C) AUTHORIZING
REDACTION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION,
(D) WAIVING THE REQUIREMENT TO FILE EQUITY LISTS AND MODIFYING
EQUITY HOLDER NOTICE REQUIREMENTS, AND (E) APPROVING THE FORM
AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT
OF THE CHAPTER 11 CASES AND OTHER INFORMATION**

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. A HEARING WILL BE HELD ON THIS**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows: Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129). The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002.

> **MATTER ON <u>MAY 13, 2016</u>, AT 11:30 A.M. (CT) BEFORE THE HONORABLE DAVID R. JONES, 515 RUSK STREET, COURTROOM 400, HOUSTON, TX, 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (this "<u>Motion</u>"):

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "<u>Schedules and Statements</u>") by 47 days, for a total of 61 days from the Petition Date, through and including July 11, 2016, (b) authorizing the Debtors to file a consolidated creditor matrix and list of the 50 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (c) waiving the requirement to file a list of equity security holders and modifying the requirements for provision of notice to such holders, (d) authorizing the Debtors to redact certain personal identification information for individual creditors, and (e) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are sections 105, 345, 363, and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

(the "<u>Bankruptcy Code</u>"), Rule 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "<u>Bankruptcy Local Rules</u>").

## **<u>Background</u>[2]**

3.     The Debtors operate an independent oil and natural gas business with approximately 1,650 employees.  Headquartered in Houston, Texas, as of year-end 2015, the Debtors had approximately 27,000 gross productive wells in the United States, including in California, Colorado, Illinois, Kansas, Louisiana, Michigan, New Mexico, North Dakota, Oklahoma, Texas, Utah, and Wyoming.  The Debtors have approximately $7.7 billion of funded debt, comprised of approximately $1.7 billion of funded debt at Debtor Berry Petroleum Company, LLC ("<u>Berry</u>") and approximately $6 billion of funded debt at Debtor Linn Energy, LLC ("<u>LINN</u>") and its direct and indirect Debtor subsidiaries other than Berry and Linn Acquisition Company, LLC (collectively, the "<u>LINN Debtors</u>").

4.     On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors have concurrently filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

---

[2]     The facts and circumstances supporting this Motion are set forth in the *Declaration of Arden L. Walker, Jr. in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith and incorporated by reference herein.

**Basis for Relief**

**I.      Extension of Deadline to File Schedules and Statements.**

5.      The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their schedules of assets and liabilities, schedules of current income and expenditures, and schedules of executory contracts and unexpired leases, and statements of financial affairs within 14 days after their petition date.   Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause."  Fed. R. Bankr. P. 1007(c) and 9006(b).

6.      The Debtors submit that ample cause exists to grant the relief requested herein. To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to hundreds of claims, assets, and contracts from each Debtor entity.   Accordingly, collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors and their employees.   In addition, the average time for entering invoices into the Debtors' system is approximately 45 days.  Therefore, because numerous invoices related to prepetition goods and services have not yet been received and entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the information required to prepare the Schedules and Statements.[3]

7.      In the days leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases. Focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will

---

[3]     In addition, the Debtors expect to file a motion in the near-term seeking approval of a bar date for filing claims against their estates, including on account of claims arising under section 503(b)(9) of the Bankruptcy Code, which bar date will take into account the proposed timing for filing their Schedules and Statements set forth herein.

facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and other parties in interest.

8.      Courts in this district have granted similar relief to that requested herein in a number of cases.  *See, e.g.*, *In re Ultra Petroleum Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. May 3, 2016) (granting 26-day extension); *In re Midstates Petroleum Company, Inc.*, No. 16-32237 (DRJ) (Bankr. S.D. Tex. May 2, 2016) (granting 23-day extension); *In re Goodrich Petroleum Corp.*, No. 16-31975 (MI) (Bankr. S.D. Tex. Apr. 18, 2016) (granting 16-day extension); *In re Energy XXI Ltd.*, No. 16-31928 (DRJ) (Bankr. S.D. Tex. Apr. 15, 2016) (granting 30-day extension); *In re Sherwin Alumina Company, LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Jan. 13, 2016) (granting 14-day extension).[4]   Because of the size and complexity of these cases, the Debtors submit that the requested extension is appropriate here.

## II.      Consolidated Creditor Matrix.

9.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H."  Fed. R. Bankr. P. 1007(a)(1).  Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[5]  Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome.   Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "Creditor Matrix") for all of the Debtors.

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

[5]     *See General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, available at http://www.txs.uscourts.gov/sites/txs/files/tx_ch11_comp_rules.pdf.

### III.     Consolidated List of 50 Largest General Unsecured Creditors.

10.     Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."  Fed. R. Bankr. P. 1007(d).  Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors (the "Top 50 List").  The Top 50 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.  Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file consolidated Schedules and Statements or substantively consolidate the Debtors.

### IV.     Equity Holder Lists.

11.     Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders," including names and last known addresses of holders.  Fed. R. Bankr. Proc. 1007(a)(3).  Bankruptcy Rule 2002(d) provides that, "unless otherwise ordered by the court," notice shall be provided to all equity holders of the commencement of the case, any equity holders meeting under section 341 of the Bankruptcy Code, certain asset sales, conversion or dismissal hearings, the disclosure statement deadline, the confirmation objection deadline, and the voting deadline.  Fed. R. Bankr. Proc. 2002(d).

12.     Debtor LINN Energy, which is the Debtors' parent entity, and Debtor LinnCo, LLC ("LinnCo"), a vehicle that owns approximately 66 percent of LINN Energy's units, are both publicly-held companies listed on the NASDAQ.   Together they have approximately 350,000 individual equity holders.  For this reason, preparing a list of equity holders with accurate names and last known addresses, and providing notices to all such parties of the

6

commencement of these chapter 11 cases, would create undue expense and administrative burden without a corresponding benefit to the estates or parties in interest. To the extent equity holders are entitled to vote on a chapter 11 plan, the Debtors will provide them with the appropriate bar date and plan-related notices, which will permit them to assert their interests. Under the circumstances, the Debtors respectfully submit that it is appropriate for the Court to waive and modify these requirements accordingly, as expressly contemplated by the applicable Bankruptcy Rules.

**V.      Redaction of Certain Confidential Information.**

13.      Section 107(b) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).  The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—from the Creditor Matrix because such information could be used to perpetrate identity theft.  The Debtors propose to provide an unredacted version of the Creditor Matrix to the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and any official committees appointed in these chapter 11 cases.

**VI.     Service of the Notice of Commencement.**

14.      Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b)

of the Code." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f).

15. Through Prime Clerk LLC, the Debtors' proposed noticing, claims, and balloting agent (the "Noticing and Claims Agent"), the Debtors propose to serve the Notice of Commencement, substantially in the form attached as **Exhibit 1** to **Exhibit A** hereto (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, the Debtors submit that service of the Notice of Commencement is warranted.

### Emergency Consideration

16. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

17.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank, N.A., as administrative agent under LINN's prepetition credit facility and Berry's prepetition credit facility, and counsel thereto; (d) The Bank of New York Mellon Trust Company, N.A., as successor indenture trustee for Berry's 6.75% senior unsecured notes due 2020 and 6.375% senior unsecured notes due 2022; (e) counsel to the ad hoc group of holders of Berry's 6.75% senior unsecured notes due 2020 and 6.375% senior unsecured notes due 2022; (f) Delaware Trust Company, as successor indenture trustee for LINN's 12% second lien notes due 2020; (g) counsel to the ad hoc group of LINN 12% second lien notes due 2020; (h) Wilmington Trust Company, as successor indenture trustee for LINN's 6.50% senior unsecured notes due 2019, 6.25% senior unsecured notes due 2019, 8.625% senior unsecured notes due 2020, 7.75% senior unsecured notes due 2021, and 6.5% senior unsecured notes due 2021; (i) counsel to the ad hoc group of holders of LINN's senior unsecured notes; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the Environmental Protection Agency; (m) the office of the attorneys general for the states in which the Debtors operate; (n) the Securities and Exchange Commission; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Victoria, Texas
Dated:  May 11, 2016

*/s/ Patricia B. Tomasco*

Patricia B. Tomasco (TX Bar No. 01797600)
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      (713) 752-4200
Facsimile:      (713) 752-4221
Email:            ptomasco@jw.com
                     mcavenaugh@jw.com
                     jwertz@jw.com

-and-

Paul M. Basta, P.C. (*pro hac vice* admission pending)
Stephen E. Hessler, P.C. (*pro hac vice* admission pending)
Brian S. Lennon (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            paul.basta@kirkland.com
                     stephen.hessler@kirkland.com
                     brian.lennon@kirkland.com

- and -

James H.M. Sprayregen, P.C. (*pro hac vice* admission pending)
Joseph M. Graham (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            james.sprayregen@kirkland.com
                     joe.graham@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

### Certificate of Service

I certify that on May 11, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Patricia B. Tomasco*
One of Counsel