UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE | § § § | CHAPTER 11 |
| LINN ENERGY, LLC, *et al.*[1] | § § | CASE NO. 16-60040 (DRJ) |
| Debtors. | § § § § § | (Jointly Administered) |

**OMNIBUS RESPONSE OF FIRST LIEN AGENT WELLS FARGO BANK, NATIONAL ASSOCIATION, TO VARIOUS FIRST-DAY MOTIONS FILED BY DEBTORS**

Wells Fargo, National Association (the "Agent" or "Wells"), as administrative agent under (1) the Sixth Amended and Restated Credit Agreement, dated as of April 24, 2013 (as amended, the "Linn Credit Agreement"), among Linn Energy, LLC ("Linn"), the lenders party thereto (the "Linn Lenders") and Agent, and (2) the Second Amended and Restated Credit Agreement, dated as of November 15, 2010 (as amended, the "Berry Credit Agreement," and, together with the Linn Credit Agreement, the "Credit Agreements"), among Berry Petroleum Company, LLC ("Berry," and, together with Linn and the parties listed below, the "Debtors"), the lenders party thereto (the "Berry Lenders," and, together with the Linn Lenders, the "First Lien Lenders" or "Lenders") and Agent, by and through its undersigned counsel, hereby submits

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows: Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129). The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002.

1

this omnibus response (the "Omnibus Response") to various motions filed by the Debtors on May 11, 2016 (together, the "Motions"), including:

- Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, (B) Continue Ordinary Course Incentive Programs for Non-Insiders, and (C) Continue Employee Benefits Programs and (II) Granting Related Relief [Doc. # 9];

- Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing Payment of Mineral Payments and Working Interest Disbursements and (B) Granting Related Relief [Doc. # 10];

- Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of (A) Operating Expenses, (B) Joint Interest Billings, (C) Marketing Expenses, (D) Shipping and Warehousing Claims, and (E) 503(B)(9) Claims, and (II) Granting Related Relief [Doc. # 11]; and

- Debtors' Emergency Motion for Entry of an Order (A) Authorizing the Payment of Certain Prepetition Taxes and Fees and (B) Granting Related Relief [Doc. # 13].

In response to the above-listed Motions, Wells respectfully states as follows:

1. Pursuant to the Credit Agreements, Wells and the other Lenders hold mortgages on the vast majority of Linn's and Berry's oil and gas assets scattered across twelve states. Such property includes oil and gas leases in the Hugoton Basin, the Rockies, California, Texas and Louisiana ("TexLa"), Mid-Continent, Michigan/Illinois, the Permian Basin, and south Texas regions.

2. In addition to the above-described real property, the Lenders' collateral also includes personal property now owned or hereafter acquired by the Debtors, including, without

limitation, all accounts, all chattel paper (whether tangible chattel paper or electronic accounts), all deposit accounts (aside from certain excluded accounts), all documents, all general intangibles and all rights under insurance contracts and rights to insurance proceeds, all instruments, all goods (including, without limitation, all inventory, all equipment and all fixtures relating to the real property described above), all letter-of-credit rights, all as-extracted collateral, all books and records pertaining to the collateral, all real property described above to the extent it consists of personal property of any kind or character, and all proceeds and products of any and all of the foregoing and all collateral security, guarantees, and other supporting obligations given with respect to any of the foregoing. The Debtors' cash constitutes cash collateral of the Lenders.

3. The Motions listed above all seek authority from the Court to make various payments as a debtor-in-possession. Given its security interest in over 90% of the Debtors' oil and gas properties, in Debtors' personal property (as described above), and in all of the Debtors' cash, these payments, if allowed by the Court, will invariably have the effect of decreasing the cash collateral and other collateral of the Lenders. Accordingly, while it supports the Debtors' motions for authority to pay those prepetition expenses that are in fact critical, Wells requests that any authorized payments be limited to those that are immediately necessary to preserve the Debtors' estate.

4. Wells also requests that any such payments to be made by Debtors in the following 13 weeks be required to conform to the proposed 13-week Linn Energy and Berry Petroleum budgets submitted by Debtors as Exhibits 1 and 2 (together, the "Budgets," Docs. # 18-2 and 18-3) to the Proposed Interim Order attached to Debtor's Emergency Motion for Interim and Final Orders (A) Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate Protection to Prepetition Lenders, and (C) Granting Related Relief [Doc. #18].

5. Wells additionally requests that all proposed payments comply with the agreements and representations made in the Restructuring Support Agreement [Doc. #19-3], and reserves its and the Lenders' rights to the extent any such payments are inconsistent with the provisions of the Restructuring Support Agreement, including those provisions concerning the treatment of General Unsecured Trade Claims.

6. To the extent that the relief requested in the Motions or in any other motion filed by Debtor would require any of the Lenders to honor pre-petition checks or other negotiable instruments provided by the Debtors prior to the filing of its voluntary petition, Wells requests that Debtors provide any deposit bank assurance that prepetition checks are indeed authorized before requiring the bank to honor such checks.

7. Finally, as expressed in Paragraph 11(a)(v) (with respect to Linn Energy) and Paragraph 11(b)(vi) (with respect to Berry Petroleum) of the Debtors' Proposed Interim Cash Collateral Order[2] [Doc. # 18-1], any future proposed budgets governing the expenditures of Linn Energy or Berry Petroleum are subject to the Lenders' reasonable approval. Consistent with these requirements, Wells reserves both its and the Lenders' rights with regard to any further payments Debtors intend to make beyond the 13-week period embraced in the above-referenced Budgets.

---

[2] As captioned, Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363, 507 and 552, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(B).

Dated: May 12, 2016                                    Respectfully submitted,

**BAKER & MCKENZIE LLP**

By:   /s/James Donnell
James Donnell
Texas Bar No. 05981300
(*Admission Pro Hac Vice Pending*)
James.Donnell@bakermckenzie.com
Jacob M. Kaplan
NY Bar No. 4130704
Fed. ID No. 2831120
Jacob.Kaplan@bakermckenzie.com
452 Fifth Avenue
New York, NY 10018
Tel.:   212-626-4100
Fax:   212-310-1600

Brandon E. Caire
State Bar No. 24064991
Fed. ID No. 1812322
Brandon.Caire@bakermckenzie.com
Katherine M. Jordan
State Bar No. 24092601
Fed ID No. 2810944
katherine.jordan@bakermckenzie.com
700 Louisiana, Suite 3000
Houston, Texas 77002
Tel.:   713-427-5000
Fax:   713-427-5099

ATTORNEYS FOR WELLS FARGO, NATIONAL ASSOCIATION

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of May, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas which gives notice to all counsel of record.

*/s/ Brandon Caire*

Brandon Caire