ENTERED
05/13/2016

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Chapter 11** |
| **LINN ENERGY LLC,** ***et al.*** | § | **CASE NO: 16-60040** |
| | § | |
| **Debtor(s).** | § | **Jointly Administered** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES, (B) CONTINUE ORDINARY COURSE INCENTIVE PROGRAMS FOR NON-INSIDERS, AND (C) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**
**(Docket No. 9)**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of an order (this "Order"), (a) authorizing the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses, (ii) continue ordinary course incentive programs for non-insiders, and (iii) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

1 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2 The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows: Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129). The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002.

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation and Benefits and the Director Compensation and to implement new programs, policies, and benefits, in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law. For the avoidance of doubt, except as otherwise expressly set forth herein, nothing in this Order should be construed as authorizing any payments on account of the Employee Compensation and Benefits or the Director Compensation that are outside the ordinary course of business without prior Court approval.

3. The Debtors are authorized, but not directed, in their discretion, to pay and honor prepetition amounts related to the Employee Compensation and Benefits programs or the Director Compensation; provided, however, that other than accrued vacation time that becomes

due and payable, the Debtors will not pay any amounts in excess of the priority limit set forth under 11 U.S.C. § 507(a)(5).

4. Nothing herein shall be deemed to authorize the payment of any amounts which violates or implicates section 503(c) of the Bankruptcy Code, *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

5. Pursuant to section 362(d) of the Bankruptcy Code: (a) Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum under the Workers' Compensation Program, and the Debtors are authorized to pay all prepetition amounts relating thereto in the ordinary course of business; and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and any such claims must be pursued in accordance with the applicable Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to the orders authorizing use of cash collateral.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SIGNED: May 13, 2016.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**