

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
05/13/2016

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
| LINN ENERGY LLC, *et al.* | § | CASE NO: 16-60040 |
| | § | |
| Debtor(s). | § | Jointly Administered |

**ORDER (A) EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENTS, (B) AUTHORIZING CONSOLIDATED CREDITORS LISTS, (C) AUTHORIZING REDACTION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION, (D) WAIVING THE REQUIREMENT TO FILE EQUITY LISTS AND MODIFYING EQUITY HOLDER NOTICE REQUIREMENTS, AND (E) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER 11 CASES AND OTHER INFORMATION**
(Docket No. 8)

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the time period to file the Schedules and Statements, (b) authorizing the Debtors to file a consolidated creditor matrix and list of the 50 largest general unsecured creditors, (c) waiving the requirement to file a list of equity security holders and modifying the requirements for provision of notice to such holders, (d) authorizing the Debtors to redact certain personal identification information for individual creditors, and (e) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time within which the Debtors must file the Schedules and Statements is extended through and including July 11, 2016, without prejudice to the Debtors' right to seek an additional extension upon cause shown therefor.

3. The Debtors are authorized to file a single consolidated Creditor Matrix for all of these chapter 11 cases.

4. The Debtors are authorized to file a consolidated Top 50 List.

5. The requirement set forth in Bankruptcy Rule 1007(a)(3) to file lists of equity holders for LINN Energy and LinnCo is hereby waived.

6. The requirement set forth in Bankruptcy Rule 2002(d) to provide notice to equity holders of the commencement of these chapter 11 cases is hereby waived; *provided*, *however*,

that the Debtors shall seek separate relief for further waivers of any requirements to provide notice to equity holders.

7.  The Debtors are authorized to redact address information of individual creditors listed on the Creditor Matrix; *provided*, that the Debtors shall provide an un-redacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any official committees appointed in these chapter 11 cases.

8.  The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, on the Creditor Matrix.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of:  (a) the commencement of these chapter 11 cases; and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

9.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SIGNED: May 13, 2016.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

**Information to identify the case:**

**Debtors:** Linn Energy, LLC                                                                                       EIN: 65-1177591

**United States Bankruptcy Court for the Southern District of Texas**

**Case Numbers: 16-60040 (DRJ)**

**Official Form 309F (For Corporations or Partnerships)**

**Notice of Chapter 11 Bankruptcy Case          12/15**

---

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.  Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov) or at the case website management by Prime Clerk LLC, the Debtors' claims, noticing, and solicitation agent, at https://cases.primeclerk.com/linn.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1. **Debtor's full name:** See chart below.

2. **All other names used in the last 8 years: See chart below.**
   **Jointly Administered Cases**

| DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|
| **Linn Energy, LLC** | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60040 (DRJ) | 65-1177591 |
| **Berry Petroleum Company, LLC** | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60041 (DRJ) | 77-0079387 |
| **LinnCo, LLC** | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60042 (DRJ) | 45-5166623 |
| **Linn Acquisition Company, LLC** | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60043 (DRJ) | 46-2254791 |

| DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|
| Linn Energy Finance Corp. | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60044 (DRJ) | 26-2695453 |
| Linn Energy Holdings, LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60039 (DRJ) | 75-3256517 |
| Linn Exploration & Production Michigan LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60045 (DRJ) | 27-2620738 |
| Linn Exploration Midcontinent, LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60046 (DRJ) | 73-1583143 |
| Linn Midstream, LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60047 (DRJ) | 06-1319707 |
| Linn Midwest Energy LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60048 (DRJ) | 27-2621712 |
| Linn Operating, Inc. | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60049 (DRJ) | 71-0983530 |
| Mid-Continent I, LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60050 (DRJ) | 26-0891812 |
| Mid-Continent II, LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60051 (DRJ) | 26-0891869 |
| Mid-Continent Holdings I, LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60052 (DRJ) | 26-0891686 |
| Mid-Continent Holdings II, LLC | JPMorgan Chase Tower<br>600 Travis, Suite 5100<br>Houston, Texas 77002 | 16-60053 (DRJ) | 26-0897129 |

3.  Address: See Chart Above

4.  Debtor's attorney

| | |
|---|---|
| Paul M. Basta, P.C. (*pro hac vice* admission pending)<br>Stephen E. Hessler, P.C. (*pro hac vice* admission pending)<br>Brian S. Lennon (*pro hac vice* admission pending)<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:   paul.basta@kirkland.com<br>         stephen.hessler@kirkland.com<br>         brian.lennon@kirkland.com | Patricia B. Tomasco (TX Bar No. 01797600)<br>Matthew D. Cavenaugh (TX Bar No. 24062656)<br>Jennifer F. Wertz (TX Bar No. 24072822)<br>JACKSON WALKER L.L.P.<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Telephone:   (713) 752-4200<br>Facsimile:   (713) 752-4221<br>Email:   ptomasco@jw.com<br>         mcavenaugh@jw.com<br>         jwertz@jw.com |
| - and -<br><br>James H.M. Sprayregen, P.C. *(pro hac vice* admission pending)<br>Joseph M. Graham (*pro hac vice* admission pending)<br>KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:   (312) 862-2200<br>Email:   james.sprayregen@kirkland.com<br>         joe.graham@kirkland.com | Debtors' notice and claims agent (for court documents and case information inquiries):<br><br>Linn Energy, LLC<br>c/o Prime Clerk LLC<br>830 3rd Avenue, 3rd Floor<br>New York, NY 10022<br>U.S. toll-free: (844) 794-3479<br>International: (917) 962-8892<br>Email: linninfo@primeclerk.com<br>Case website: https://cases.primeclerk.com/linn |

| 5. | | |
|---|---|---|
| **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address:<br><br>United States Courthouse<br>515 Rusk Avenue<br>Houston, Texas 77002<br><br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | You may sign up for email notices by completing the attached form that can also be accessed at http://www.txs.uscourts.gov/sites/txs/files/CRECFform.pdf.<br><br>This form, as well as copies of all other documents in this case, is also available free of charge on the website of the Debtors' notice and claims agent at https://cases.primeclerk.com/linn. | **Hours open:<br>Monday − Friday<br>8:00 AM − 5:00 PM<br>Contact phone:<br>(713) 250-5500** |

| 6. | | |
|---|---|---|
| **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **July 19, 2016, at 10:00 AM (CT)**<br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:<br>Suite 3401, 515 Rusk Avenue<br>Houston, Texas 77002** |

**7. Proof of claim deadline**

**Deadline for filing proof of claim: Not yet set. If a deadline is set, notice will be sent at a later time.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- Your claim is designated as disputed, contingent or unliquidated;
- You file a proof of claim in a different amount; or
- You receive another notice

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**8. Exception to discharge deadline**

| The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).<br>**Deadline for filing the complaint: Not applicable.** |
|---|---|

**9. Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**10. Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

**11. Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.

Official Form 309F (For Corporations or Partnerships) **Bankruptcy Case**                                              **Notice of Chapter 11**