IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LINN ENERGY, LLC, *et al.*, | § § | Case No. 16-60040 (DRJ) |
| Debtors. | § § § | (Jointly Administered) |
| | § | **Related Docket Nos. 209 & 313** |

### *AMENDED* NOTICE OF DEPOSITION UNDER RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:  Linn Energy, LLC, and its direct and indirect affiliates as debtors and debtors-in-possession other than Berry Petroleum Company, LLC
c/o Stephen E. Hessler
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

**PLEASE TAKE NOTICE** that on June 2, 2016, Wilmington Trust Company, in its capacity as indenture trustee for certain unsecured notes issued by Linn Energy, LLC and Linn Energy Finance Corp. ("Wilmington Trust") issued a *Notice of Deposition Under Rule 30(b)(6) of the Federal Rules of Civil Procedure* [Docket No. 209];

**PLEASE TAKE FURTHER NOTICE** that on June 20, 2016, Wilmington Trust filed a *Notice of Continuation of Deposition of Debtors by Wilmington Trust Company* [Docket No. 313];

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rules of Civil Procedure 26 and 30 (made applicable to this matter by Federal Rules of Bankruptcy Procedure 7026, 7030, and 9014), Wilmington Trust, will take the oral deposition of a Federal Rule of Civil Procedure 30(b)(6) witness or witnesses of Linn Energy, LLC and its direct and indirect affiliates as debtors and debtors-in-possession other than Berry Petroleum Company, LLC (collectively,

"Linn Energy") by the person designated as most knowledgeable to testify on Linn Energy's behalf with respect to the topics identified in Exhibit A attached hereto.

The deposition will commence at **9:30 a.m. CT on July 7, 2016** at the offices of Gardere Wynn Sewell LLP, 2000 Wels Fargo Plaza, 1000 Louisiana Street, Houston, TX 77002, or at such other time and place as may be agreed to among counsel for the parties. The deposition will be recorded stenographically and may be recorded by video or similar means. The deposing party reserves the right to use said videotape recording at any proceedings in lieu of live testimony from the deponent in accordance with applicable law. The deposition will take place before an officer authorized to administer oaths, and unless otherwise agreed to by the parties, will continue day-to-day, holidays and weekends included, until concluded.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30(b)(6), Linn Energy must designate one or more officers, directors, managing agents or other persons who consent to testify on Linn Energy's behalf with respect to the topics listed in Exhibit A attached hereto.

Dated: July 5, 2016

COLE SCHOTZ P.C.

/s/  *Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone:  (817) 810-5250
Facsimile:  (817) 977-1611
mwarner@coleschotz.com

- and -

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

Gerard H. Uzzi (*pro hac vice* pending)
28 Liberty Street
New York, NY 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
guzzi@milbank.com

David S. Cohen (*pro hac vice* pending)
1850 K Street NW, Suite 1100
Washington, DC 20006
Telephone:  (202) 835-7500
Facsimile:  (202) 263-7586
dcohen2@milbank.com

-and-

KILPATRICK TOWNSEND & STOCKTON LLP

Todd C. Meyers (*pro hac vice* pending)
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309-4530
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555
tmeyers@kilpatricktownsend.com

Matthew R. Hindman (*pro hac vice* pending)
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
Telephone:  (202) 508-5800
Facsimile:  (202) 508-5858
mhindman@kilpatricktownsend.com

*Counsel for Wilmington Trust Company, as Indenture Trustee*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 5, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Texas which gives notice to all counsel of record.

/s/ Michael D. Warner
Michael D. Warner (TX Bar No. 00792304)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| LINN ENERGY, LLC, *et al.*, | § § | Case No. 16-60040 (DRJ) |
| Debtors. | § § § | (Jointly Administered) |

# EXHIBIT A: RULE 30(b)(6) DEPOSITION TOPICS[1]

1. Meetings or decisions of the Boards of any Linn Debtor.

2. Independent members of the Boards of any Linn Debtor, including to whom the independent directors are responsive and the voting rights of independent directors.

3. The negotiation, execution, and performance of the RSA.

4. Communications between the Linn Debtors and the First Lien Linn Lenders related to the Linn Debtors.

5. Any contemplated or actual delivery or grant of any Lien to any Lender.

6. The validity or invalidity of any Lien delivered or granted to any Lender.

7. The value of the property or assets encumbered or potentially encumbered by any Liens delivered to any Lender.

8. Any valuation or analysis of value performed by or at the direction of any of the Linn Debtors related to the value of any Liens that could potentially be subject to avoidance under a Preference Action, or shielded from such avoidance, depending on the petition date.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in Wilmington Trust Company's First Request for the Production of Documents Directed to the Linn Debtors.

9. Any dominion or control exercised by any of the Lenders, collectively or individually, over any of the Linn Debtors.

10. Any threats or Communications made by any of the Lenders to any of the Linn Debtors (including the officers, directors, or managers of any of the Linn Debtors).

11. The ability or willingness of any of the Lenders to assert any of their rights under a credit agreement with any of the Linn Debtors, including the ability or willingness of any of the Lenders to foreclose upon their secured collateral, whether before, upon, or after the Petition Date.

12. Any assertion by the Linn Debtors, collectively or individually, that they are not able to fund operations solely using Linn Cash Collateral.

13. Any assertion by the Linn Debtors, collectively or individually, that, after a certain period of time, it is likely the Linn Debtors will be using Linn Cash Collateral to fund a majority of operating disbursements.

14. Any assertion by the Linn Debtors, collectively or individually, that continuation of their Cash Management System (or the cash management systems of the individual Linn Debtors) is essential to their businesses.

15. The agreement to fund Linn Operating Disbursements using Other Linn Cash and Linn Cash Collateral based on the ratio of Linn Cash Collateral to Other Linn Cash at the end of each month.

16. Exhibits A, B, and C to the Mesterharm Declaration.

17. Any intercompany loans, transfers, and transactions among or between any of the Linn Debtors.

3

18. The Linn Debtors' intended response to the Court's request at the May 13, 2016 hearing that the Linn Debtors explain "how the waterfall actually works."

.

3