IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11 |
| LINN ENERGY, LLC ET AL., *Debtors* | § § § § | Case No. 16-60040 (Jointly Administered) |

**LIMITED OBJECTION OF TEXAS TAXING
AUTHORITIES TO ENTRY OF FINAL ORDER ON THE DEBTORS'
EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING POSTPETITION USE OF CASH COLLATERAL,
(B) GRANTING ADEQUATE PROTECTION TO PREPETITION
LENDERS AND (C) GRANTING RELATED RELIEF**
*(Relates to Document 18)*

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NOW COME, CLEVELAND ISD, CYPRESS - FAIRBANKS ISD, DUVAL COUNTY, ECTOR CAD, FORT BEND COUNTY, FRANKLIN ISD, FREER ISD, GOLIAD COUNTY, HARRIS COUNTY , HIDALGO COUNTY , HUGHES SPRINGS ISD , JIM WELLS CAD , LIMESTONE COUNTY, MARION COUNTY, MATAGORDA COUNTY, MONTGOMERY COUNTY,  NUECES  COUNTY,  PECOS  COUNTY,  POLK  COUNTY,  ROBERTSON COUNTY, SAN ISIDRO ISD, SAN PATRICIO COUNTY, SHELBY COUNTY, SMITH COUNTY, VICTORIA COUNTY, WEBB CISD (hereinafter collectively referred to as "Taxing Authorites"),  Secured Creditors, Parties-in-Interest and Respondents herein, and files this *LIMITED OBJECTION OF TEXAS TAXING AUTHORITIES TO ENTRY OF FINAL ORDER ON THE*

*DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS AND (C) GRANTING RELATED RELIEF* (hereinafter referred to as the "Response" or the "Objection"), stating as grounds therefore the following:

**OBJECTIONS**
**(PRELIMINARY STATEMENT)**

1. Taxing Authorities are fully secured ad valorem tax creditors of Debtor and the Estate, holding prior perfected liens against property of the Estate. Taxing Authorities' claims are secured pursuant to the Texas Property Tax Code §§ 32.01 and 32.07, et seq.

2. Section 32.01, *et seq.* (a) of the Texas Property Tax Code states, in part:

   "...[(a)] On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.

   "...[(b)] A tax lien on inventory, furniture, equipment and other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

   "...[(c)] The lien under this section is perfected on attachment and...perfection requires no further action by the taxing unit."

3. Section 32.01(a) of the Texas Property Tax Code states, in part, as follows:
   "...[A] delinquent tax incurs a penalty of six percent of the amount of the tax for the first calendar month it is delinquent plus one percent for each additional month or portion of a month the tax remains unpaid prior to July 1 of the year in which it becomes delinquent. However, a tax delinquent on July 1 incurs a total penalty of twelve percent of the amount of the delinquent tax without regard to the number of months the tax has been delinquent..."

**(OBJECTION)**

4. Taxing Authorities object to the entry of a Final Cash Collateral Order only to the extent that same grants priming liens pursuant to 11 USC §363 (c) and (d) while providing no provision for the protection of tax liens of Taxing Authorities which are superior to those of any and all consensual lien creditors. Taxing authorities assert that this Court should not grant priming liens which prime the ad valorem tax liens without a proper demonstration in the record of this case that the ad valorem tax liens are in no way harmed and are otherwise adequately protected as required by the provisions of 11 USC §363 (e).

5. Taxing Authorities therefore request denial of the relief requested by Debtors, unless and until the Court requires that the use of cash collateral and granting replacement liens therefor be conditioned upon the inclusion of a provision in the final cash collateral order that provides that the Taxing Authorities' liens are not primed by any such replacement liens. **WHEREFORE, PREMISES CONSIDERED**, **TEXAS TAXING AUTHORITIES** respectfully pray that this Court deny the relief requested in the *DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS AND (C) GRANTING RELATED RELIEF,* and for such other and further relief, at law or in equity, as is just.

Respectfully submitted,

LINEBARGER GOGGAN BLAIR
& SAMPSON, LLP
2700 Via Fortuna Dr., Ste. 400 (78746)
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 443-5114 (Facsimile)


By: /s/ Diane W. Sanders
    DIANE W. SANDERS
    State Bar No. 16415500
*ATTORNEY FOR TEXAS TAXING AUTHORITIES*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Limited Objection of Texas Taxing Authorities to Entry of Final Order on the Debtors' Emergency Motion for Interim and Final Orders Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate Protection to Prepetition Lenders and (C) Granting Related Relief has been served electronically to the ECF participants in this case and by First Class Mail to the parties listed below on this 5th day of July, 2016.

Jackson Walker, L.L.P.
Patricia B. Tomasco
Matthew D. Cavenaugh
Jennifer F. Wertz
1401 McKinney Street, Suite 1900
Houston, TX  77010

Kirkland & Ellis LLP
Kirkland & Ellis International, LLP
Paul M. Basta, P.C.
Stephen E. Hessler, P.C.
Brian S. Lennon
601 Lexington Avenue
New York, NY  10022

Kirkland & Ellis LLP
Kirkland & Ellis International, LLP
James H.M. Sprayregen, P.C.
Joseph M. Graham
300 North LaSalle
Chicago, Illinois  60654

**PROPOSED CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION**

                                                /s/Diane W. Sanders
                                                DIANE W. SANDERS