## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

ENTERED
08/04/2016

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LINN ENERGY, LLC, *et al.*,[1] | ) | Case No. 16-60040 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

### ORDER (I) SETTING BAR DATES FOR FILING PROOFS
### OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER
### SECTION 503(b)(9), (II) ESTABLISHING AMENDED SCHEDULES
### BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING
### THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING
### SECTION 503(b)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES

(Docket No. 488)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Bar Date Order") (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date (each as defined herein), (c) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, and (d) approving notice of the Bar Dates (as defined herein), all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows:  Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129).  The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

## I.    The Bar Dates and Procedures for Filing Proofs of Claim.

2. Each entity[3] that asserts a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]

---

[3]   Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]   Copies of Official Form 410 may be obtained by:  (a) calling the Debtors' restructuring hotline at (844) 794-3479; (b) visiting the Debtors' restructuring website at:  https://cases.primeclerk.com/linn/Home-Index; and/or (c) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

Except in the cases of governmental units and certain other exceptions explicitly set forth herein, ***all Proofs of Claim must be filed so that they are actually received on or before September 16, 2016, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date") (irrespective of any date to the contrary identified in the Notice of Chapter 11 Bankruptcy Case [Docket No. 86] or otherwise), at the addresses and in the form set forth herein.*** The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Order.

3.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such Proofs of Claim ***so they are actually received on or before November 7, 2016, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date" and together with the Claims Bar Date, the "Bar Date" or "Bar Dates" as may be applicable), at the addresses and in the form set forth herein.***

4.      Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of the Claims Bar Date and 5:00 p.m. prevailing Central time on the date that is twenty-eight (28) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtors (the "Rejection Damages Bar Date").

5.      All Proofs of Claim must be filed so as to be actually received by the Court on or before the applicable Bar Date.  If Proofs of Claim are not received by the Court on or before the Claims Bar Date or the Governmental Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

**II.     Parties Exempted from the Bar Date**.

6.      The following categories of claimants shall not be required to file a Proof of Claim by the Bar Date:

a.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Clerk of the Court in a form substantially similar to Official Form 410;

b.      any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by a final order of the Court;

d.      any Debtor having a claim against another Debtor;

e.      any entity whose claim is solely against any non-Debtor affiliates;

f.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided*, that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

g.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

h.     any entity holding a claim for which a separate deadline is fixed by this Court;

i.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the Claims Bar Date;

j.     any entity holding an equity interest in any debtor; and

k.     any individual holder of a claim for principal, interest, or applicable fees or charges (a "Debt Claim") on account of any note, bond, or debenture issued by the Debtors pursuant to an indenture (an "Indenture") or a credit agreement (a "Credit Agreement") with respect to such claim including (i) that certain Indenture, dated as of March 2, 2012, among Linn Energy and Linn Energy Finance Corp., as Issuers, U.S. Bank, N.A., as Trustee, and the guarantors party thereto; (ii) that certain Indenture dated as of April 6, 2010 (as amended and supplemented), among LINN Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust, as indenture trustee; (iii) that certain Indenture dated as of September 13, 2010 (as amended and supplemented), among LINN Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust, as indenture trustee; (iv) that certain Indenture dated as of May 13, 2011 (as amended and supplemented), among LINN Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust, as indenture trustee; (v) that certain Indenture dated as of March 2, 2012 (as amended and supplemented), among LINN Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust, as indenture trustee; (vi) that certain Indenture, dated as of September 9, 2014 (as amended and supplemented), among Linn Energy and Linn Energy Finance Corp., as co-issuers,  and Wilmington Trust Company, as indenture trustee; and (vii) that certain Indenture dated as of June 15, 2016 (as amended and supplemented), among Berry Petroleum Company, LLC, as issuer, and The Bank of New York Mellon Trust Company, N.A., as successor trustee; provided, that (i) the indenture trustee under an Indenture and the administrative agent under a Credit Agreement must file one Proof of Claim with respect to all Debt Claims owed under the applicable Indenture or Credit Agreement, provided, however, in accordance with the *Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363, 507, and 552, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 89], Wells Fargo Bank, National Association, as administrative agent under Linn's prepetition credit Agreement and Berry Petroleum Company, LLC's prepetition credit agreement, Delaware Trust Company, as (a) successor trustee to U.S.

Bank National Association under Linn's prepetition second lien notes and (b) successor collateral trustee to U.S. Bank National Association under that certain collateral trust agreement dated as of November 20, 2015 and certain other documentation governing the Linn's prepetition second lien notes, and the lenders and agents, including Wells Fargo Bank, National Association, party to Berry Petroleum Company, LLC's prepetition credit agreement, together with the parties to Linn's prepetition credit agreement and the parties to Linn's prepetition second lien notes are each exempted from submitting Proofs of Claim; provided further, however, that in the event that the holders of Linn's second lien notes release their liens, the trustee acting on their behalf, shall be required to file a Proof of Claim; and (ii) any individual holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Credit Agreement or Indenture of the Debtors must file a Proof of Claim by the Claims Bar Date, unless other exceptions in this paragraph 6 apply; provided further, however, (x) that notwithstanding anything to the contrary set forth in this Bar Date Order, the filing of a Proof of Claim by an administrative agent or indenture trustee in the case of Linn Energy, LLC (No. 16-60040) will also be deemed to constitute the filing of a Proof of Claim in the cases of all other Debtors against whom a claim may be asserted under the applicable Credit Agreement, Indenture, or other operative documents, and (y) that an administrative agent or indenture trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Credit Agreement, Indenture, or other operative documents, on the condition that such documents will be made available by the administrative agent or indenture trustee within ten (10) business days after receipt of a written request from a party in interest.

**III.    Substantive Requirements of Proofs of Claim.**

7.    The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

a.    ***Contents***.    Each Proof of Claim must:   (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.    ***Section 503(b)(9) Claim***.    Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made

to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Electronic Signatures Permitted***.   Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d.   ***Identification of the Debtor Entity***.   Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 16-60040) or otherwise without identifying a specific Debtor, will be deemed as filed only against Linn Energy, LLC.

e.   ***Claim Against Multiple Debtor Entities***.   Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Linn Energy, LLC.  Notwithstanding anything to the contrary set forth in this Bar Date Order, the filing of a proof of claim by an administrative agent or indenture trustee in the case of Linn Energy, LLC (No. 16-60040) will also be deemed to constitute the filing of a proof of claim in the cases of all other Debtors against whom a claim may be asserted under the applicable Credit Agreement, Indenture, or other operative documents.

f.   ***Supporting Documentation***.   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

g.   ***Timely Service***.   Each Proof of Claim must be filed, including supporting documentation, by electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), or if submitted

7

through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Court on or before the Claims Bar Date or the Governmental Bar Date at the following address:

<div align="center">

Clerk of the Court

Location:
United States Bankruptcy Court
515 Rusk Avenue
Houston, Texas 77002

Correspondence:
David J. Bradley, Clerk of Court
P.O. Box 61010
Houston, Texas 77208

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

</div>

h.      ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Court must submit a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Court) and a self-addressed, stamped envelope.

**IV.     Identification of Known Creditors**.

8.      The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

**V.      Procedures for Providing Notice of the Bar Date**.

    **A.      Mailing of Bar Date Notices**.

9.      No later than five business days after the Court enters this Bar Date Order, the Debtors shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via first class mail to the following entities:

a.      the U.S. Trustee;

b.      the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims;

c.      counsel for the lenders under the Debtors' prepetition secured credit agreements;

d.      all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

e.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

f.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

g.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

h.      all entities who are party to executory contracts and unexpired leases with the Debtors;

i.      all entities who are party to litigation with the Debtors;

j.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

k.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

l.      the Office of the Attorney General for the state of Texas and each of the states in which the Debtors operate;

m.      the District Director of the Internal Revenue Service for the Southern District of Texas;

n.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

o.      the Securities and Exchange Commission;

p.      the Office of the United States Attorney for the Southern District of Texas; and

q.      counsel to the official committee of unsecured creditors appointed in these chapter 11 cases.

10.     The Debtors shall provide all known creditors listed in the Debtors' Schedules with a personalized Proof of Claim Form, which will set forth:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

11.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 24 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.      Publication of Bar Date Notice**.

12. The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the

form annexed hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in each of the

national edition of the *Wall Street Journal*, the *Houston Chronicle*, and the *Corpus Christi

Caller-Times*, in each case no later than 28 days before the proposed Claims Bar Date.

## VI.    Consequences of Failure to File a Proof of Claim.

13.     Any entity that is required, but fails, to file a Proof of Claim in accordance with

the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and

enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect

thereto) and the Debtors and their property shall be forever discharged from any and all

indebtedness or liability with respect to or arising from such claim.   Without limiting the

foregoing sentence, any creditor asserting a claim entitled to priority pursuant to

section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with

this Bar Date Order shall not be entitled to any priority treatment on account of such claim

pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is

identified on Schedule F of the Schedules as not contingent, not disputed, and liquidated.

14.     Any such entity that is required, but fails, to file a Proof of Claim in accordance

with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to

accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any

distribution in these chapter 11 cases on account of such claim, or receiving further notices

regarding such claim.

## VII.   Amendment to Schedules.

15.     If the Debtors amend the Schedules after having given notice of the Bar Dates, the

Debtors shall give notice by first-class mail of any amendment to holders of claims affected

thereby, and the deadline for those holders to file Proofs of Claim, if necessary, be set as the later

of the applicable Bar Date and 5:00 p.m. prevailing Central time on the date that is 28 days from

the date the notice of the Schedule amendment is mailed (or another time period as may be fixed by the Court) (the "<u>Amended Schedules Bar Date</u>").

16.     Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Bankruptcy Rules.

**VIII.  Miscellaneous**.

17.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

18.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

19.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**Signed:  August 04, 2016.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## <u>Exhibit 1</u>

**Proof of Claim Form**

**United States Bankruptcy Court for the Southern District of Texas**

Fill in this information to identify the case (select only one Debtor per claim form):

- ☐ Linn Energy, LLC (16-60040)
- ☐ Linn Energy Holdings, LLC (16-60039)
- ☐ Berry Petroleum Company, LLC (16-60041)
- ☐ LinnCo, LLC (16-60042)
- ☐ Linn Acquisition Company, LLC(16-60043)
- ☐ Linn Energy Finance Corp. (16-60044)

- ☐ Linn Exploration & Production Michigan LLC(16-60045)
- ☐ Linn Exploration Midcontinent, LLC (16-60046)
- ☐ Linn Midstream, LLC (16-60047)
- ☐ Linn Midwest Energy LLC(16-60048)
- ☐ Linn Operating, Inc.(16-60049)
- ☐ Mid-Continent I, LLC (16-60050)

- ☐ Mid-Continent II, LLC (16-60051)
- ☐ Mid-Continent Holdings I, LLC (16-60052)
- ☐ Mid-Continent Holdings II, LLC(16-60053)

Official Form 410

# Proof of Claim

4/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Contact phone _____
Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____
Number      Street _____
City                    State         ZIP Code
Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

❑ No

❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____. **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❑ No<br>❑ Yes. *Check one:* | **Amount entitled to priority** |
| | ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❑ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❑ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❑ No<br>❑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.
❑ I am the creditor's attorney or authorized agent.
❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

Print the name of the person who is completing and signing this claim:

Name _____
     First name          Middle name          Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number     Street

        _____
        City                      State      ZIP Code

Contact phone _____  Email _____

---

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                              12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form**

## **Exhibit 2**

**Proposed Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINN ENERGY, LLC, *et al.*,[1] | ) | Case No. 16-60040 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF
THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Linn Energy, LLC | 16-60040 (DRJ) |
| Linn Energy Holdings, LLC | 16-60039 (DRJ) |
| Berry Petroleum Company, LLC | 16-60041 (DRJ) |
| LinnCo, LLC | 16-60042 (DRJ) |
| Linn Acquisition Company, LLC | 16-60043 (DRJ) |
| Linn Energy Finance Corp. | 16-60044 (DRJ) |
| Linn Exploration & Production Michigan LLC | 16-60045 (DRJ) |
| Linn Exploration Midcontinent, LLC | 16-60046 (DRJ) |
| Linn Midstream, LLC | 16-60047 (DRJ) |
| Linn Midwest Energy LLC | 16-60048 (DRJ) |
| Linn Operating, Inc. | 16-60049 (DRJ) |
| Mid-Continent I, LLC | 16-60050 (DRJ) |
| Mid-Continent II, LLC | 16-60051 (DRJ) |
| Mid-Continent Holdings I, LLC | 16-60052 (DRJ) |
| Mid-Continent Holdings II, LLC | 16-60053 (DRJ) |

---

[1]   The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows:  Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129).  The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002.

**PLEASE TAKE NOTICE THAT:**

On May 11, 2016 (the "Petition Date"), Linn Energy, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [_____], 2016 the Court entered an order [Docket No. __] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**I.      THE BAR DATES**.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively the "Bar Dates").

a.      ***The Claims Bar Date***. Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by September 16, 2016, at 5:00 p.m., prevailing Central Time)***

---

2    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

*(irrespective of any date to the contrary identified in the Notice of Chapter 11 Bankruptcy Case [Docket No. 86] or otherwise)*.  The Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims; *provided* that unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of the Claims Bar Date and 5:00 p.m. prevailing Central Time on the date that is 28 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

b.   ***The Governmental Bar Date***.   Pursuant to the Bar Date Order, ***all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by November 7, 2016, at 5:00 p.m., prevailing Central Time)***.   The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

## II.    WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.   any entity whose claim against a Debtor is ***not*** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.   any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the schedules; and

<div style="margin-left: 2em;">

d.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

</div>

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file Proofs of Claims:

<div style="margin-left: 2em;">

a.      any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Clerk of the Court or with the Court in a form substantially similar to Official Form 410;

b.      any entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by a final order of the Court;

d.      any Debtor having a claim against another Debtor;

e.      any entity whose claim is solely against any non-Debtor affiliates;

f.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided*, that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

g.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

h.      any entity holding a claim for which a separate deadline is fixed by this Court;

i.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such

</div>

4

claims by filing a request for payment or a proof of claim on or prior to the Claims Bar Date;

j.     any entity holding an equity interest in any debtor; and

k.     any individual holder of a claim for principal, interest, or applicable fees or charges (a "Debt Claim") on account of any note, bond, or debenture issued by the Debtors pursuant to an indenture (an "Indenture") or a credit agreement (a "Credit Agreement") with respect to such claim including (i) that certain Indenture, dated as of March 2, 2012, among Linn Energy and Linn Energy Finance Corp., as Issuers, U.S. Bank, N.A., as Trustee, and the guarantors party thereto; (ii) that certain Indenture dated as of April 6, 2010 (as amended and supplemented), among LINN Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust, as indenture trustee; (iii) that certain Indenture dated as of September 13, 2010 (as amended and supplemented), among LINN Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust, as indenture trustee; (iv) that certain Indenture dated as of May 13, 2011 (as amended and supplemented), among LINN Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust, as indenture trustee; (v) that certain Indenture dated as of March 2, 2012 (as amended and supplemented), among LINN Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust, as indenture trustee; (vi) that certain Indenture, dated as of September 9, 2014 (as amended and supplemented), among Linn Energy and Linn Energy Finance Corp., as co-issuers, and Wilmington Trust Company, as indenture trustee; and (vii) that certain Indenture dated as of June 15, 2016 (as amended and supplemented), among Berry Petroleum Company, LLC, as issuer, and The Bank of New York Mellon Trust Company, N.A., as successor trustee; provided, that (i) the indenture trustee under an Indenture and the administrative agent under a Credit Agreement must file one Proof of Claim with respect to all Debt Claims owed under the applicable Indenture or Credit Agreement, provided, however, in accordance with the *Interim Order Under 11 U.S.C. §§ 105, 361, 362, 363, 507, and 552, and Bankruptcy Rules 2002, 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 89], Wells Fargo Bank, National Association, as administrative agent under Linn's prepetition credit Agreement and Berry Petroleum Company, LLC's prepetition credit agreement, Delaware Trust Company, as (a) successor trustee to U.S. Bank National Association under Linn's prepetition second lien notes and (b) successor collateral trustee to U.S. Bank National Association under that certain collateral trust agreement dated as of November 20, 2015 and certain other documentation governing the Linn's prepetition second lien notes, and the lenders and agents, including Wells Fargo Bank, National Association, party to Berry Petroleum Company, LLC's prepetition credit agreement, together with the parties to Linn's prepetition credit agreement

5

and the parties to Linn's prepetition second lien notes are each exempted from submitting Proofs of Claim; provided further, however, that in the event that the holders of Linn's second lien notes release their liens, the trustee acting on their behalf, shall be required to file a Proof of Claim; and (ii) any individual holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Credit Agreement or Indenture of the Debtors must file a Proof of Claim by the Claims Bar Date, unless other exceptions in this section; provided further, however, (x) that notwithstanding anything to the contrary set forth in this Bar Date Order, the filing of a Proof of Claim by an administrative agent or indenture trustee in the case of Linn Energy, LLC (No. 16-60040) will also be deemed to constitute the filing of a Proof of Claim in the cases of all other Debtors against whom a claim may be asserted under the applicable Credit Agreement, Indenture, or other operative documents, and (y) that an administrative agent or indenture trustee will be permitted, in lieu of attaching voluminous documentation, to file with its Proof of Claim a summary of the applicable Credit Agreement, Indenture, or other operative documents, on the condition that such documents will be made available by the administrative agent or indenture trustee within ten (10) business days after receipt of a written request from a party in interest.

## IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.   ***Contents***.   Each Proof of Claim must:   (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.   ***Section 503(b)(9) Claim***.   Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Electronic Signatures Permitted***.   Only ***original*** Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.   Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.   Unless otherwise

ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

d.     ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 16-60040) or otherwise without identifying a specific Debtor, will be deemed as filed only against Linn Energy, LLC.

e.     ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Linn Energy, LLC.  Notwithstanding anything to the contrary set forth in this Bar Date Order, the filing of a proof of claim by an administrative agent or indenture trustee in the case of Linn Energy, LLC (No. 16-60040) will also be deemed to constitute the filing of a proof of claim in the cases of all other Debtors against whom a claim may be asserted under the applicable Credit Agreement, Indenture, or other operative documents.

f.     ***Supporting Documentation***.    Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided*, that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

g.     ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, by electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), or if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Court on or before the Claims Bar Date or the Governmental Bar Date at the following address:

<div align="center">Clerk of the Court</div>

<div align="center">Location:</div>

<div align="center">7</div>

United States Bankruptcy Court
515 Rusk Avenue
Houston, Texas 77002

Correspondence:
David J. Bradley, Clerk of Court
P.O. Box 61010
Houston, Texas 77208

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Court must submit a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Court) and a self-addressed, stamped envelope.

## V.   CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.   YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.   THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.   YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.   YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.   AMENDMENTS TO THE DEBTORS' SCHEDULES.

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or before the later of the Claims Bar Date or the Governmental Bar Date, as applicable

8

to such claim and (b) 5:00 p.m. prevailing Central time on the date that is 28 days after the date that on which the Debtors mailed notice of the amendment to the Schedules (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

## VII.    RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VIII.   THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a proof of claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX.     ADDITIONAL INFORMATION.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://cases.primeclerk.com/linn/Home-Index.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' restructuring hotline at:  (844) 794-3479.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Houston, Texas
Dated:  [_____], 2016

_____

Patricia B. Tomasco (TX Bar No. 01797600)
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:          ptomasco@jw.com
                mcavenaugh@jw.com
                jwertz@jw.com

-and-

Paul M. Basta, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian S. Lennon (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          paul.basta@kirkland.com
                stephen.hessler@kirkland.com
                brian.lennon@kirkland.com

- and -

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alexandra Schwarzman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          james.sprayregen@kirkland.com
                joe.graham@kirkland.com
                alexandra.schwarzman@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit 3**

**Proposed Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINN ENERGY, LLC, *et al.*,[1] | ) | Case No. 16-60040 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## NOTICE OF DEADLINES FOR THE FILING
## OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
## PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE

---

### THE CLAIMS BAR DATE IS SEPTEMBER 16, 2016

### THE GOVERNMENTAL CLAIMS BAR DATE IS NOVEMBER 7, 2016

---

## PLEASE TAKE NOTICE OF THE FOLLOWING:

***Deadlines for Filing Proofs of Claim***.  On [_____], 2016, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. __] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| Linn Energy, LLC | 16-60040 (DRJ) |
| Linn Energy Holdings, LLC | 16-60039 (DRJ) |
| Berry Petroleum Company, LLC | 16-60041 (DRJ) |
| LinnCo, LLC | 16-60042 (DRJ) |
| Linn Acquisition Company, LLC | 16-60043 (DRJ) |
| Linn Energy Finance Corp. | 16-60044 (DRJ) |

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows:  Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129).  The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Suite 5100, Houston, Texas 77002.

| DEBTOR | CASE NO. |
|---|---|
| Linn Exploration & Production Michigan LLC | 16-60045 (DRJ) |
| Linn Exploration Midcontinent, LLC | 16-60046 (DRJ) |
| Linn Midstream, LLC | 16-60047 (DRJ) |
| Linn Midwest Energy LLC | 16-60048 (DRJ) |
| Linn Operating, Inc. | 16-60049 (DRJ) |
| Mid-Continent I, LLC | 16-60050 (DRJ) |
| Mid-Continent II, LLC | 16-60051 (DRJ) |
| Mid-Continent Holdings I, LLC | 16-60052 (DRJ) |
| Mid-Continent Holdings II, LLC | 16-60053 (DRJ) |

*The Bar Dates*.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to May 11, 2016, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before *September 16, 2016, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date") (irrespective of any date to the contrary identified in the Notice of Chapter 11 Bankruptcy Case [Docket No. 86] or otherwise)*.  Governmental entities that have a claim or potential claim against the Debtors that arose prior to May 11, 2016, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *November 7, 2016, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date")*.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE CLAIMS BAR DATE OR GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*.  Each Proof of Claim must be filed, including supporting documentation, by U.S. Mail or other hand delivery system, so as to be *actually received* by the Court on or before the Claims Bar Date or the Governmental Bar Date at the following address:

Clerk of the Court
Location:
United States Bankruptcy Court
515 Rusk Avenue
Houston, Texas 77002


Correspondence:
David J. Bradley, Clerk of Court
P.O. Box 61010
Houston, Texas 77208

***Contents of Proofs of Claim***.  Each Proof of Claim must: (1) be written in English; (2) include a claim amount denominated in United States dollars; (3) clearly identify the Debtor against which the claim is asserted (4) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (6) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim is treated as if filed only against Linn Energy, LLC, or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Linn Energy, LLC.

***Electronic Signatures Permitted***.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted. Unless otherwise ordered by the Court, any original document containing the original signature of any party other than the party that files the Proof of Claim shall be retained by the filing party for a period of not less than five (5) years after the Debtors' case is closed, and upon request, such original document must be provided to the Court or other parties for review, pursuant to the Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts.

***Section 503(b)(9) Requests for Payment***.  Any Proof of Claim that asserts a right to payment arising under section 503(b)(9) of the Bankruptcy Code must also: (1) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (2) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (3) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

***Additional Information***.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by:  (i) calling the Debtors' restructuring hotline at (844) 794-3479; and/or (ii) visiting the Debtors' restructuring website at:  https://cases.primeclerk.com/linn/Home-Index.

Houston, Texas
Dated:  [_____], 2016

_____

Patricia B. Tomasco (TX Bar No. 01797600)
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:          ptomasco@jw.com
                mcavenaugh@jw.com
                jwertz@jw.com

-and-

Paul M. Basta, P.C. (admitted *pro hac vice*)
Stephen E. Hessler, P.C. (admitted *pro hac vice*)
Brian S. Lennon (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          paul.basta@kirkland.com
                stephen.hessler@kirkland.com
                brian.lennon@kirkland.com

- and -

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Alexandra Schwarzman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          james.sprayregen@kirkland.com
                joe.graham@kirkland.com
                alexandra.schwarzman@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

4