IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LINN ENERGY, LLC, *et al.*,[1] | ) ) ) | Case No. 16-60040 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

### DEBTORS' AMENDED[2] MOTION FOR ENTRY OF AN ORDER
### (A) AUTHORIZING ASSUMPTION OF CERTAIN OIL AND GAS LEASES,
### (B) SETTING THE CURE AMOUNT WITH RESPECT THERETO, AND
### (C) GRANTING RELATED RELIEF

> **A HEARING, IF NECESSARY, WILL BE CONDUCTED ON THIS MATTER ON JANUARY 24, 2017 AT 9:00 AM IN COURTROOM 400, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows: Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129). The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis Street, Houston, Texas 77002.

[2] The Debtors are filing this Amended Motion to reflect the correct date of the hearing, which is January 24, 2017.

KE 44357227

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"), and submit the *Declaration of Thomas Belsha in Support of the Debtors' Motion for the Entry of an Order (A) Authorizing the Assumption of Certain Oil and Gas Leases, (B) Setting the Cure Amount with Respect Thereto, and (C) Granting Related Relief* (the "Belsha Declaration"), attached hereto as **Exhibit B**.

### Relief Requested

1. By this Motion, the Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to assume those certain Oil and Gas Leases (as defined below) identified on **Schedule 1** and **Schedule 2** attached to the Order, (b) setting the cure amount with respect thereto, and (c) granting related relief.

### Jurisdiction, Venue, and Procedural Background

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested in this Motion are sections 105 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

3. On May 11, 2016, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date"). A detailed description of the facts and circumstances leading to these chapter 11 cases is set forth in the *Declaration of Arden L. Walker, Jr., Chief Operating Officer of Linn Energy, LLC, in Support of Chapter 11*

*Petitions and First Day Motions* [Docket No. 19]. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 23, 2016, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 159].

4. On September 2, 2016, the Court entered the *Order Extending the Time Within Which the Debtors Must Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 905], extending the time period within which the Debtors must assume or reject unexpired leases pursuant to section 365(d)(4) of the Bankruptcy Code through and including December 7, 2016.

5. On November 21, 2016, the Court entered the O*rder Granting Debtors' Emergency Motion to Approve Notice Procedures for the Assumption of Certain Kansas, Federal, and Tribal Oil and Gas Leases* [Docket No. 1201] (the "Notice Order").

### The Oil and Gas Leases

6. As of the Petition Date, the Debtors are party to approximately 8,500 unexpired oil and gas leases related to real property and/or hydrocarbons located in the state of Kansas as set forth on **Schedule 1** (collectively, the "Kansas Leases") and approximately 1,400 unexpired oil and gas leases related to real property and/or hydrocarbons located on federal or tribal lands as set forth on **Schedule 2** (collectively, the "Federal/Tribal Leases," and together with the Kansas Leases, the "Oil and Gas Leases").[3] The Debtors hold working interests in the Oil and

---

[3] As set forth in the *Debtors' Emergency Motion to Approve Notice Procedures for the Assumption of Certain Kansas, Federal, and Tribal Oil and Gas Leases* [Docket No. 1197] (the "Notice Motion"), the Debtors have been unable to locate noticing information for counterparties to approximately 1,110 of the Kansas Leases (the "Unknown Counterparty Leases"). A schedule of such leases is attached to the Order as **Schedule 3**.

3

Gas Leases, which grant the Debtors the exclusive right to drill and explore on the lessors' property in order to produce oil and gas now or in the future.

7. In connection with their restructuring efforts, the Debtors, with the assistance of their advisors, have been evaluating their executory contracts and unexpired leases, including the possibility of assuming certain existing agreements, entering into new agreements, rejecting certain existing agreements, or negotiating concessions with counterparties under those agreements. After considering their alternatives, the Debtors, in consultation with their advisors, determined that assuming the Oil and Gas Leases is in the best interests of the Debtors and their estates.

8. The Oil and Gas Leases are valuable assets of the Debtors' estates. On average in 2015, the Debtors generated approximately $23 million of net revenue each month from the Oil and Gas Leases. Additionally, continued maintenance of the Debtors' interests in such leases can be accomplished with little additional administrative expenses. The most significant expenses associated with the Oil and Gas Leases are royalty payments owed to lessors. The Debtors' have been remitting all such payments in the ordinary course of business pursuant to the *Final Order (A) Authorizing Payment of Mineral Payments and Working Interest Disbursements and (B) Granting Related Relief* [Docket No. 402] (the "Royalties Order"). Accordingly, the Debtors, in consultation with their advisors, determined that assumption of the Oil and Gas Leases will maximize the value of their estates and continue to provide substantial revenue for the Debtors' estates.

9. Further, the Debtors have consulted with and provided diligence to the advisors to the Committee concerning the Debtors' assumption of the Oil and Gas Leases. The Committee has informed the Debtors that it does not object to the assumption of the Oil and Gas Leases.

**Basis for Relief**

**I. The Debtors' Determination to Assume the Oil and Gas Leases Is a Sound Exercise of Business Judgment.**

10. Section 365 of the Bankruptcy Code authorizes a debtor to assume unexpired leases, subject to the approval of the Court, provided that the defaults under such leases are cured and adequate assurance of future performance is provided. While oil and gas leases generally are not considered to be leases within the meaning of section 365 of the Bankruptcy Code, the federal government previously has taken the position that oil and gas leases on federal lands are true leases subject to section 365 of the Bankruptcy Code. *See generally* United States' Mot. to Intervene at 5, *NGP Capital Res. Co. v. ATP Oil & Gas Corp. (In re ATP Oil & Gas Corp.)*, Case No. 12-03443 (Bankr. S.D. Tex. 2012) [Docket No. 13] ("[The treatment of Federal Leases] is subject to the Bankruptcy Code, including section 365"). Additionally, Kansas law considers oil and gas leases to convey interests in personal—not real—property and therefore, to be subject to section 365 of the Bankruptcy Code. *See Utica Nat. Bank & Trust Co., Tulsa, Okl. v. Marney*, 661 P.2d 1246, 1248 (Kan. 1983) ("[Oil and gas leasehold] interests constitute personal property except in those specific instances when that classification is changed by statute for a specific purpose."); *see J. H. Land & Cattle Co.*, 8 B.R. at 239 ("An oil and gas lease is within the purview section 365").[4]

11. A debtor's decision to assume or reject an unexpired lease is governed by the business judgment rule. *See In re Grp. of Institutional Investors, Inc. v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question [of]

---

[4] The Debtors expressly reserve all rights regarding whether the Oil and Gas Leases convey interests in real or personal property and whether such Oil and Gas Leases are subject to assumption or rejection pursuant to section 365 of the Bankruptcy Code. However, out of an abundance of caution, the Debtors file this Motion seeking to assume the Oil and Gas Leases and preserve the Debtors' interests therein.

5

whether a lease should be rejected . . . is one of business judgment.'"); *In re Pisces Energy, LLC*, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment.") Here, the business judgment standard merely requires a showing that assuming the Oil and Gas Leases will be advantageous to the estate; "[a]s long as assumption of a lease appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision to assume the lease should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *Richmond Leasing*, 762 F.2d at 1309 (internal quotation marks and citations omitted). When applying the business judgment standard, courts show great deference to the debtor's decision-making. *See Summit Land Co. v. Allen*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) ("[C]ourt approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course.").

12. The Debtors submit that assumption of the Oil and Gas Leases as set forth herein is a sound exercise of the Debtors' business judgment. The Oil and Gas Leases are valuable assets of the Debtors' estates that grant the Debtors the exclusive right to drill and explore the leased properties now and in the future. Prior to the Petition Date, the Debtors acquired these exclusive rights and have spent significant effort in evaluating, developing, and increasing the value of the leased properties. Further, the Debtors derive considerable revenue from the Oil and Gas Leases. Accordingly, the Debtors believe that assumption of the Oil and Gas Leases is in the best interest of the Debtors, their estates, and all parties in interest.

13. Courts in this jurisdiction and others have authorized assumption of oil and gas leases. *See, e.g.*, *In re Energy Partners, Ltd.*, Case No. 09-32957 (Bankr. S.D. Tex.

6

Aug. 3, 2009); *In re CDX Gas, LLC*, Case No. 08-37922 (Bankr. S.D. Tex. July 8, 2009); *In re Endeavour Operating Corp.*, Case No. 14-12308 (Bankr. D. Del. May 1, 2015); *In re Delta Petroleum Corp.*, Case No. 11-14006 (Bankr. D. Del. Aug. 16, 2012); *In re Trident Res. Corp.*, Case No. 09-13150 (Bankr. D. Del. June 14, 2010).

## II. The Requirements of Section 365(b) of the Bankruptcy Code are Inapplicable or Otherwise Satisfied.

14. Section 365(b)(1) of the Bankruptcy Code provides that if there has been a default under an executory contract or unexpired lease, other than a default as described in section 365(b)(2) of the Bankruptcy Code, a debtor may not assume such contract or lease unless the debtor (a) cures, or provides adequate assurance that it will promptly cure, the default (with the exception of certain defaults arising from the failure to perform nonmonetary obligations under an unexpired lease of real property), (b) compensates, or provides adequate assurance that it will promptly compensate, a non-debtor party to such contract or lease for any actual pecuniary loss to such party resulting from the default, and (c) provides adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365(b)(1).

15. Pursuant to section 365(b)(1) of the Bankruptcy Code, the Debtors recognize that they must cure (or provide adequate assurance that they promptly will cure) all defaults (other than defaults described in section 365(b)(2) of the Bankruptcy Code) existing under the Oil and Gas Leases in connection with their assumption. There are no defaults or alleged defaults existing under the Oil and Gas Leases at this time that are required to be cured in connection with their assumption. The Debtors have performed all of their undisputed prepetition obligations with respect to the Oil and Gas Leases in the ordinary course of business, including paying all royalties due and owing under such agreements, pursuant to the terms of the Royalties

7

Order.[5]  Further, as required by section 365(d)(3) of the Bankruptcy Code, the Debtors have performed in the ordinary course of business all of their undisputed obligations incurred after the Petition Date pursuant to the Oil and Gas Leases.  As such, the Debtors assert that no cure amount is due with respect to each Oil and Gas Lease.

16. Finally, the Debtors have demonstrated their ability to continue performing the obligations under the Oil and Gas Leases going forward.  The Debtors have performed all of their obligations under the Oil and Gas Leases, including paying royalties owed or making any *de minimis* payments required, pursuant to the terms of the Oil and Gas Leases.

17. For the foregoing reasons, the Debtors assert that they have met the requirements to assume the Oil and Gas Leases under section 365 of the Bankruptcy Code and respectfully request that this Court authorize, but not direct, the Debtors to do so.

**Waiver of Bankruptcy Rules 6004(a), 6004(h), and 6006(f)(6)**

18. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

19. Bankruptcy Rule 6006(f)(6) requires that an omnibus motion to assume multiple unexpired leases "be limited to no more than 100 executory contracts or unexpired leases."  Fed. R. Bankr. P. 6006.  However, courts may waive the requirements of Bankruptcy Rule 6006(f)(6) for cause.  *See In re Old Carco LLC*, 406 B.R. 180, 207–10 (Bankr. S.D.N.Y. 2009) ("Specifically, the 2007 Advisory Committee Note to Rule 6006 states that '[a]n omnibus motion

---

[5] The payment of royalties necessarily involves some delay between the time minerals are severed from the ground and the time that royalties are due and owing.  The Debtors have made, and will continue to make, all payments currently due and owing in the ordinary course of business.

8

to assume, assign, or reject multiple executory contracts and unexpired leases must comply with the procedural requirements set forth in subdivision (f) of the rule, unless the court orders otherwise.'"). Bankruptcy Rule 6006(f)(6) is intended to ensure that lease or contract counterparties can easily locate their information in a debtor's omnibus motion. *See* 10 COLLIER ON BANKRUPTCY ¶ 6006.05 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009).

20. The Debtors respectfully submit that cause exists here to waive the requirements of Bankruptcy Rule 6006(f)(6). A single motion avoids the confusion and inefficiency that might otherwise result if the Debtors were required to file separate pleadings requesting the same relief. Furthermore, the Debtors have listed the Kansas Leases and Federal/Tribal Leases in organized and clear charts attached as **Schedule 1** and **Schedule 2** to the Order, listing each Lessor in alphabetical order where possible as required by Bankruptcy Rule 6006(f)(2).

21. Further, on November 21, 2016, the Court entered the Notice Order, authorizing the Debtors to use certain notice procedures with respect to this Motion [Docket No. 1201]. These notice procedures permit the filing of comprehensive schedules of all the Kansas Leases and Federal/Tribal Leases that the Debtors seek to assume, which schedules are attached to the Order as **Schedule 1** and **Schedule 2**.

22. Moreover, courts regularly waive Bankruptcy Rule 6006(f)(6) with respect to section 365 motions concerning unexpired leases of real property. *See, e.g.*, *In re Gridway Energy Holdings*, Case No. 14-10833 (Bankr. D. Del. Mar. 27, 2015); *In re Longview Power, LLC*, Case No. 13-12211 (Bankr. D. Del. June 23, 2014); *In re Delta Petroleum Corp.*, Case No. 11-14006 (Bankr. D. Del. Aug. 16, 2012); *In re Flying J Inc.*, Case No. 08-13384 (Bankr. D.

9

Del. Jan. 27, 2010). Therefore, the Debtors respectfully request that this Court waive Bankruptcy Rule 6006(f)(6) with respect to this Motion.

## Notice

23. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the official committee of unsecured creditors; (c) counsel to Wells Fargo Bank, N.A., as administrative agent under LINN's prepetition credit facility and Berry's prepetition credit facility; (d) counsel to Wilmington Trust Company, as successor indenture trustee for LINN's 6.50% senior unsecured notes due 2019, 6.25% senior unsecured notes due 2019, 8.625% senior unsecured notes due 2020, 7.75% senior unsecured notes due 2021, and 6.5% senior unsecured notes due 2021; (e) counsel to the ad hoc group of LINN 12% second lien notes due 2020; (f) counsel to the ad hoc group of holders of Berry's 6.75% senior unsecured notes due 2020 and 6.375% senior unsecured notes due 2022; (g) counterparties to the Oil and Gas Leases;[6] and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

24. No prior request for the relief sought in this Motion has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[6] Pursuant to the Notice Order, the counterparties to the Unknown Counterparty Leases will receive constructive notice via publication in two Kansas newspapers.

KE 44357227

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Houston, Texas<br>Dated:  December 1, 2016. | */s/ Patricia B. Tomasco*<br>Patricia B. Tomasco (TX Bar No. 01797600)<br>Matthew D. Cavenaugh (TX Bar No. 24062656)<br>Jennifer F. Wertz (TX Bar No. 24072822)<br>**JACKSON WALKER L.L.P.**<br>1401 McKinney Street, Suite 1900<br>Houston, Texas 77010<br>Telephone:    (713) 752-4200<br>Facsimile:    (713) 752-4221<br>Email:    ptomasco@jw.com<br>    mcavenaugh@jw.com<br>    jwertz@jw.com<br><br>-and-<br><br>Paul M. Basta, P.C. (admitted *pro hac vice*)<br>Stephen E. Hessler, P.C. (admitted *pro hac vice*)<br>Brian S. Lennon (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:    paul.basta@kirkland.com<br>    stephen.hessler@kirkland.com<br>    brian.lennon@kirkland.com<br><br>- and -<br><br>James H.M. Sprayregen, P.C. (admitted *pro hac vice*)<br>Joseph M. Graham (admitted *pro hac vice*)<br>Alexandra Schwarzman (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:    james.sprayregen@kirkland.com<br>    joe.graham@kirkland.com<br>    alexandra.schwarzman@kirkland.com<br><br>*Co-Counsel to the Debtors and Debtors in Possession* |

**Certificate of Service**

    I certify that on December 1, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                 */s/ Patricia B. Tomasco*
                                                 One of Counsel