IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LINN ENERGY, LLC, *et al.*,[1] | ) | Case No. 16-60040 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**CLAIMANT DULCIE'S RESPONSE IN OPPOSITION TO DEBTORS' SEVENTH OMNIBUS OBJECTION
TO CERTAIN PROOFS OF CLAIM (EQUITY INTEREST CLAIMS)**

CLAIMANT, DIANE DULCIE ("CLAIMANT"), by and through her undersigned attorney, hereby files her Response in Opposition to the Seventh Omnibus Objection of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and respectfully asks this Court to overrule Debtor's objection and enter an order (this "Order"): (a) protecting the CLAIMANT's existing claims for monetary damages from the Debtors, (b) preventing any further attempts by the Debtors to expunge the Equity Interest Claims submitted by CLAIMANT as identified on **Schedule 1** attached hereto; and (c) granting any other related relief as the Court deems just and proper.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows: Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129). The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis Street, Houston, Texas 77002.

The above-captioned CLAIMANT respectfully states as follows in support of this Response in Opposition ("Response") to Debtor's Seventh Omnibus Objection:

### Relief Requested

1. The CLAIMANT seeks entry of an order, substantially in the form attached hereto as **Exhibit "A"** (the "Order") protecting the CLAIMANT's claims in accordance with 11 U.S.C. § 501(a) and preventing expungement of CLAIMANT's claims identified on **Schedule 1**.

### Equity Interest Claims

2. As set forth in the in Debtors' Seventh Omnibus Objection, the Debtors admit that CLAIMANT has an Equity Interest Claim as filed by CLAIMANT on account of equity interests held by CLAIMANT in the Debtors.

3. This claim is based on ownership of common stock of the Debtors.

4. This claim is based on the Debtors' actions, including administrative malfeasance and mismanagement, which led to this Bankruptcy proceeding and CLAIMANT thereby suffering damages resulting in a claim against the Debtors.

5. Holders of common stock of the Debtors have valid claims against the Debtors or their estates. *See* 11 U.S.C. § 501(a) ("An equity security holder may file a proof of interest"). Certain holders of common stock filed proofs of claim on Debtors asserting claims on account of such equity interests and the failure to appropriately include such claims would therefore preclude CLAIMANTS to the right of recoveries on account of such "claims" to which the holders are entitled.

6. Elimination of CLAIMANT's Equity Interest Claims as identified in **Schedule 1** attached will prejudice the CLAIMANT who is holding an interest in the Debtors.

7. Accordingly, the CLAIMANT respectfully requests that the Court enter the Order protecting the CLAIMANT's claims and preventing expungement and allow such Equity Interest Claims as identified on **Schedule 1** to the Order.

8. The CLAIMANT's claims equate with a proof of interest filed with the Court and such holder of an Equity Interest Claim should be allowed to file such claims in the form of a claim or proof of interest, even though "it shall not be *necessary* (emphasis added) for a creditor or equity security holder to file a proof of claim or interest except as provided in Rule 3003(c)(2)." [2]

9. By allowing the Debtors to arbitrarily expunge and disallow the CLAIMANT's claims, it would forever affect the rights or recovery of any such holder under a chapter 11 plan in these chapter 11 cases, if any, with respect to any such equity interests.

---

[2] **Rule 3003**. Filing Proof of Claim or Equity Security Interest in Chapter 9 Municipality or Chapter 11 Reorganization Cases
(a) Applicability of Rule. This rule applies in chapter 9 and 11 cases.
(b) Schedule of Liabilities and List of Equity Security Holders.
   (1) *Schedule of Liabilities*. The schedule of liabilities filed pursuant to §521(l) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be *necessary* for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.
   (2) *List of Equity Security Holders*. The list of equity security holders filed pursuant to Rule 1007(a)(3) shall constitute prima facie evidence of the validity and amount of the equity security interests and it shall not be necessary for the holders of such interests to file a proof of interest.
(c) Filing Proof of Claim.
   (1) *Who May File*. Any creditor or indenture trustee may file a proof of claim within the time prescribed by subdivision (c)(3) of this rule.
   (2) *Who Must File*. Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.
   (3) *Time for Filing*. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), (c)(4), and (c)(6).
   (4) *Effect of Filing Claim or Interest*. A proof of claim or interest executed and filed in accordance with this subdivision shall supersede any scheduling of that claim or interest pursuant to §521(a)(1) of the Code.
   (5) *Filing by Indenture Trustee*. An indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is trustee.
(d) Proof of Right to Record Status. For the purposes of Rules 3017, 3018 and 3021 and for receiving notices, an entity who is not the record holder of a security may file a statement setting forth facts which entitle that entity to be treated as the record holder. An objection to the statement may be filed by any party in interest.
**Notes**

(As amended Mar. 30, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Aug. 1, 1991; Apr. 23, 2008, eff. Dec. 1, 2008.)

### Reservation of Rights

10. This Response is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the CLAIMANT to object to any further OBJECTIONS the Debtors may file on any grounds whatsoever, and the CLAIMANT expressly reserves all further substantive or procedural objections they may have. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (b) a waiver of the CLAIMANT's rights under the Bankruptcy Code or any other applicable law.

### Notice

11. The CLAIMANT will provide notice of this Motion to: (a) Co-Counsel to the Debtors and Debtors in Possession, as identified hereunder to the CLAIMANT in Debtors' Seventh Ominbus Objection. The CLAIMANT submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, based on the foregoing, the CLAIMANT respectfully requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, overruling Debtors' Seventh Ominbus Objection, and granting such other relief as is just and proper.

Dated:  February 16, 2017            WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
Attorney for Claimant, Diane Dulcie
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302

4

        Phone: (954) 847-4800
        Fax: (954) 760-9353


        By: ___/s/ *Jordan A. Dulcie*_____
        Jordan A. Dulcie, (admitted *pro hac vice*)
        Florida Bar No. 118635
        jdulcie@wickersmith.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February __16th__, 2017 and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
Attorney for Claimant, Diane Dulcie
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax: (954) 760-9353


By: ___/s/ *Jordan A. Dulcie*_____
    Jordan A. Dulcie, (admitted *pro hac vice*)
    Florida Bar No. 118635
    jdulcie@wickersmith.com

Copies Furnished to Counsel of Record Below via Electronic Mail:

1) Patricia B. Tomasco (TX Bar No. 01797600)
   Matthew D. Cavenaugh (TX Bar No. 24062656)
   Jennifer F. Wertz (TX Bar No. 24072822)
   **JACKSON WALKER L.L.P.**
   1401 McKinney Street, Suite 1900
   Houston, Texas 77010
   Telephone: (713) 752-4200
   Facsimile: (713) 752-4221
   Email: ptomasco@jw.com
   mcavenaugh@jw.com
   jwertz@jw.com

   -and-


2) Paul M. Basta, P.C. (admitted *pro hac vice*)
   Stephen E. Hessler, P.C. (admitted *pro hac vice*)
   Brian S. Lennon (admitted *pro hac vice*)
   **KIRKLAND & ELLIS LLP**
   **KIRKLAND & ELLIS INTERNATIONAL LLP**
   601 Lexington Avenue
   New York, New York 10022
   Telephone: (212) 446-4800
   Facsimile: (212) 446-4900
   Email: paul.basta@kirkland.com
   stephen.hessler@kirkland.com
   brian.lennon@kirkland.com

   - and –


   3) James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
   Joseph M. Graham (admitted *pro hac vice*)
   Alexandra Schwarzman (admitted *pro hac vice*)
   **KIRKLAND & ELLIS LLP**
   **KIRKLAND & ELLIS INTERNATIONAL LLP**
   300 North LaSalle
   Chicago, Illinois 60654
   Telephone: (312) 862-2000
   Facsimile: (312) 862-2200
   Email: james.sprayregen@kirkland.com
   joe.graham@kirkland.com
   alexandra.schwarzman@kirkland.com
   *Co-Counsel to the Debtors and Debtors in Possession*