UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **LINN ENERGY, LLC,** *et al.*, | ) | **Case No. 16-60040 (DRJ)** |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |

**RESPONSE IN OPPOSITION
TO LINN CREDITOR REPRESENTATIVE'S OBJECTION TO PROOF OF CLAIM
NO. 5964 FILED BY KAISER-FRANCIS OIL COMPANY**

Kaiser Francis Oil Company ("KFOC"), through its undersigned counsel, makes the following response in opposition to the Objection filed at docket number 2420 (the "Objection) by John T. Young, Jr. as the LINN Creditor Representative ("LINN Creditor Representative").

**Preliminary Statement**

The basis of the LINN Creditor Representative's Objection is stated as "failure to provide sufficient documentation" (see Objection at page 2, paragraph 1, "Relief Requested" and at page 6, paragraph 13, first sentence). This is simply incorrect, and KFOC's claim is filed in full compliance with the Bankruptcy Code and the Bankruptcy Rules of Procedure, specifically with Rule 3001(c)(1), such that the Proof of Claim establishes KFOC's prima facie evidence of validity and amount.

However, the LINN Creditor Representative's real argument is that he would like to see KFOC's calculation of damages before having to prepare for an evidentiary hearing to rebut the prima facie case established by KFOC's claim. Such calculation, and the components thereof, are clearly a matter of privileged and confidential work product, or, at the very least, material subject to expert testimony and the exchange of expert witness reports if such process is ordered to be applicable to this contested matter. The two specific items mentioned in the Objection,

present value discount[1] and mitigation, are clearly items of evidence to be presented at trial, not items required by any applicable statute or rule to be appended to a proof of claim. Indeed, the LINN Creditor Representative is well aware that the Management Services Agreement itself spells out the manner and method of calculation of damages. That is made abundantly clear by the fact that the LINN Energy bankruptcy estate, in statements binding on this estate and it's representatives, in its own pleadings in order to justify the rejection of the Management Services Agreement that lead to the filing of the Proof of Claim, has asserted that rejection "will save $1.6 million per year over the life of the Contract, or $23.7 million in total savings over the remaining term of the Contract."

## Applicable Rules and Measure of Damages

1.      The only rule specifying what supporting information must be included in a proof of claim is Federal Rule of Bankruptcy Procedure 3001, which specifies that the form and content be substantially that of the Official Form (which KFOC's proof of claim used, see Exhibit A attached hereto). Within the aptly titled "supporting information" subsection, specifically, Rule 3001(c), there is a specification of exactly what supporting information must be provided for particular circumstances. Rule 3001(c)(1) deals with claims based upon a writing, and states that "a copy of the writing shall be filed with the proof of claim." That rule was complied with by KFOC in that the Management Services Agreement (the "MSA") rejected by LINN Energy and that triggered the necessity fo file a claim was attached to and was filed

---

[1] The LINN Creditor Representative's complaint about discounting to present value is particularly disingenuous in that KFOC provided to the representatives counsel, as recently as August 7, 2017, as part of settlement negotiations, an amount of damages calculated using a specified discount rate asserted by the estate's professionals as appropriate, and which clearly demonstrated that the amount claimed has indeed been discounted to present value.

with the Proof of Claim. Other than specifying the amounts required by the Official Form, there is no requirement to provide any calculation of any amount.

2.      In accordance with Rule 3001(f), "[a] proof of claim filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." KFOC's Proof of Claim was filed in accordance with the rules, and the mere request for a calculation by the LINN Creditor Representative does not rebut that presumption or require KFOC to come forward with any further evidence (though KFOC is fully prepared to do so at the hearing on this matter scheduled for November 30, 2017 in the event that the LINN Creditor Representative is able to come forward with any evidence to rebut the presumption at that time).

3.      The sufficiency of the filing is made more abundantly clear by reference to the terms of the filed MSA, and LINN Energy's own pleadings.

4.      Paragraph 8 specifies the compensation to be received by KFOC. That is 8/8ths of all overhead fees chargeable and received under applicable Joint Operating Agreements where LINN owns less than a 100% working interest. LINN is well aware of all such charges and therefore knows the rate by well. For those where LINN was the 100% working interest owner, Exhibit A to the MSA specifies those 22 wells and the overhead fees for each of them. Paragraph 8 also specifies that the fee will be escalated annually in accordance with COPAS overhead escalations, which are public and which have been consistent for many years. The projected economic life of any well is something within the knowledge of the LINN Energy estate as the owner thereof.

5.      Obviously, calculating the potential damages from the MSA is not difficult for LINN Energy, nor any reviewer on behalf of the estate and its creditors. LINN Energy has already done the calculation at least once, when it sought this Court's authority to reject the

MSA by the Motion to Reject filed at Docket #17 when these cases commenced.  The estate stated that the Contracts imposed ongoing obligations, and in the case of the MSA, that such obligations would be "$1.6 million per year over the life of the Contract, or $23.7 million in total savings over the remaining term of the Contract."  KFOC thinks that statement represents unrealistic assumptions about the economic life of the wells, the appropriate risk associated with any discount rate, and the failure to use the contractually required COPAS escalator.  But obviously the estate has the ability to make its own calculation.

6.     The LINN Creditor Representative has failed, however, to demonstrate any requirement that it be provided with KFOC's calculation, or that the Proof of Claim in any other way has "failed to provide supporting documentation" required by any applicable rule.[2]  Nowhere does the Official Form or the Federal Rules of Bankruptcy Procedure require that any calculation be attached.  The rules applicable to an individual case or an open ended or revolving consumer credit agreement make it clear that when such calculations or itemized statements must be filed.  See Fed.R.Bankr.P. 3001(c)(2) and (3).  Such requirement is wholly absent in respect of a claim based upon a writing.

7.     Rather, the LINN Creditor Representative simply asserts that a claim must be discounted to present value, and that a party has a duty to mitigate its damages.  The cases cited by the LINN Creditor Representative have nothing whatever to do with providing supporting documentation.  Rather, they are cases that, after full evidentiary hearings, analyze the appropriateness of discounting to present value and the availability and appropriateness of

---

[2] It is noteworthy that KFOC has attempted to engage the LINN Creditor Representative in productive settlement negotiations where it would provide certain calculation information sought by the representative under an appropriate protective order that would prevent claims of waiver in respect of any such calculations offered in the context of settlement negotiations.  KFOC remains open to such process.

mitigation in the particular facts and circumstances of those cases, none of which are apropos to the facts and circumstances herein.[3]

8.  What the appropriate discount rate, if any, might be as applied in the facts and circumstances of this case is clearly an issue of fact and law at any hearing or trial on an appropriate objection to KFOC's proof of claim and the prima facie case established thereby. But it is not an issue of "supporting documentation."

9.  Whether any mitigation was available to KFOC and should be taken into account in respect of the amount of its rejection damages claim in the facts and circumstances of this case is similarly an issue of fact and law at any hearing or trial, but is not an issue of "supporting documentation."

10.  The only supporting documentation required by the Federal Rules of Bankruptcy Procedure in respect of a claim based upon a writing is that the writing be attached, or an explanation as to why or how it has been lost or destroyed. "Except for evidence or proof of perfection of a security interest, Fed.R.Bankr.P. 3001(d), the rules do not require that evidence be attached to the proof of claim." In Re Garner, 246 B.R. 617, 621 (9thCir. B.A.P. 2002).

11.  The MSA is the writing upon which KFOC's claim is based and is attached to its Proof of Claim on the Official Form, and therefore is entitled to the prima facie evidence presumption set forth in Rule 3001(f).

---

[3] The Stembridge case cited by the representative had to do with present value calculations on a consumer pick up truck in a Chapter 13 case. The Mirant case cited by the representative was in respect of a "firm" transportation contract, where mitigation might be possible, unlike the instant case. The Mack Cali Realty v. Everfoam Insulation case was a New York state law case about whether an installer of foam installation breached its contract and whether the plaintiff mitigated its damages, and stands merely for the proposition that under New York law mitigation is a common law duty.

12. Even if the documentation were for some reason deemed insufficient, disallowance for such defect is generally not appropriate, rather the claimant should be allowed to amend its proof of claim to file any required supporting documentation. <u>Matter of Stoecker</u>, 5 F.3d 1022 (7th Cir. 1993).

## **Conclusion**

The Objection filed by the LINN Creditor Representative fails to point to any required "supporting documentation" that is missing from the Proof of Claim. The objection seeks information that is well within its own ability to determine, as evidenced by the estate's own filings. Only upon an evidentiary record rebutting the prima facie case established by the Proof of Claim would KFOC be required, at an evidentiary hearing, to produce the type of "supporting documentation" – which is not documentation but rather evidence and calculation – which the LINN Creditor Representative complains is not provided. The objection should be overruled.

WHEREFORE, Kaiser Francis Oil Company prays this Court enter an order overruling the Objection, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Grant P. Harpold*
Grant P. Harpold
Texas Bar No.  09034300

ATTORNEY-IN-CHARGE FOR
KAISER FRANCIS OIL COMPANY

OF COUNSEL:

BUCK KEENAN LLP
2229 San Felipe, Suite 1000
Houston, Texas 77019
(713) 225-4500
(713) 225-3719 (Fax)

and

John C. Clayman, Esq.
Samuel S. Ory, Esq.
FREDERIC DORWART, LAWYERS PLLC
124 East Fourth Street
Tulsa, OK 74132
(918) 583-9922
(918) 583-8251 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to the following counsel of record in this cause pursuant to the Federal Rules of Civil Procedure on this 9th day of November, 2017.

*/s/ Grant P. Harpold*
Grant P. Harpold