

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

ENTERED
06/01/2018

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LINN ENERGY, LLC, *et al.*,[1] | § | Case No. 16-60040 (DRJ) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

**AGREED ORDER FOR LIMITED RELIEF FROM THE
<u>AUTOMATIC STAY AND CERTAIN OTHER RELIEF</u>**
(Relates to Docket Nos. 1915 and 2026) and 2853

Upon the joint motion (the "<u>Joint Motion</u>")[2] of the Movants for entry of an order providing

limited relief from the automatic stay to allow the State Court Parties to proceed with the State

Court Suit, solely against the EnerVest Entities, all as more fully set forth in the Joint Motion; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and that this Court

may enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Joint Motion in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Joint

Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest;

and this Court having found that the Debtors' notice of the Joint Motion and opportunity for a

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number are as follows: Linn Energy, Inc., reorganized successor-in-interest to Linn Energy, LLC (7591); Berry Petroleum Company, LLC (9387); LinnCo, LLC (6623); Linn Acquisition Company, LLC (4791); Linn Energy Finance Corp. (5453); Linn Energy Holdings, LLC (6517); Linn Exploration & Production Michigan LLC (0738); Linn Exploration Midcontinent, LLC (3143); Blue Mountain Midstream, LLC, successor-in-interest to Linn Midstream, LLC (9707); Linn Midwest Energy LLC (1712); Linn Operating, LLC, successor-by-conversion to Linn Operating, Inc. (3530); Mid-Continent I, LLC (1812); Mid-Continent II, LLC (1869); Mid-Continent Holdings I, LLC (1686); Mid-Continent Holdings II, LLC (7129). The Debtors' principal offices are located at JPMorgan Chase Tower, 600 Travis, Houston, Texas 77002.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Joint Motion.

hearing on the Joint Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Joint Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Joint Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The automatic stay imposed by § 362(a) of the Bankruptcy Code shall be modified, as of the date of entry of this Agreed Order by the Court, for the limited and sole purpose of allowing the State Court Parties to proceed with the State Court Suit, either through settlement or adjudication of the various claims sought by the State Court Parties in the State Court Suit, by enforcing any such settlement or judgment in the State Court Suit as to the Debtors exclusively against the EnerVest Entities; *provided* that the State Court Suit shall proceed as to the Debtors only against the EnerVest Entities, who fully assumed all liabilities associated with the Puryear Lease for all time periods.

2.      For the avoidance of doubt, notwithstanding anything to the contrary and regardless of any liability of the Debtors established in the State Court Suit, the Debtors, their estates and their successors shall not make, nor shall they incur any obligation (including any obligation to pay any deductible or self-insured retention) to make, any payments in respect of or on account of any award, judgment, or settlement of claims asserted by the State Court Parties.

3.      The automatic stay imposed by § 362(a) of the Bankruptcy Code shall ***not*** be modified with respect to the State Court Parties or the Case except as expressly set forth herein. As contemplated in ¶ 1 hereof, if at any time the State Court Parties take action to recover any

award, judgment, or settlement against the Debtors, the State Court Suit shall be deemed stayed as to any of the Debtors pursuant to § 362(a) of the Bankruptcy Code.

4.      The State Court Parties' rights to collect any award, judgment, or settlement from any of the Debtors or any of their estates or successors are deemed waived and released by the State Court Parties.  The State Court Parties' rights to collect any award, judgment, or settlement from any of the Debtors or any of their estates or successors in connection with the State Court Suit  may only be pursued against the EnerVest Entities. The restrictions herein on the State Court Parties in this Agreed Order are limited to the Debtors and shall not affect the adjudication of the claims sought by the State Court Parties in the State Court Suit against any other party to the State Court Suit, including, but not limited to, the State Court Parties rights to claim and receive the suspended funds which were placed into the registry of the state court

5.      Any and all proofs of claim filed by the State Court Parties in these chapter 11 cases relating to the State Court Suit, including Claim Numbers 5533, 5602, and 5605 are dismissed, with no right to reassert those claims in this Court, and the State Court Parties shall not be entitled to receive any distributions from any of the Debtors, their estates or their successors in the Debtors' chapter 11 cases, under any plan of reorganization, or otherwise on account of or related to the State Court Suit.  The State Court Parties shall not have an allowed claim (as defined in §101(5) of the Bankruptcy Code) against any of the Debtors and shall not be entitled to any distributions from any of the Debtors, their estates, or their successors, whether under any plan of reorganization or otherwise on behalf of such claim.

6.      Upon entry of this Agreed Order, the Debtors (and their estates or their successors) and State Court Parties shall be deemed to have released each other from any and all claims, causes of action or counter-claims, whether known or unknown, based on or relating to, or in any manner

3

arising from, in whole or in part, the Puryear Lease or the State Court Suit, except this mutual release does not in any way affect those claims, counterclaims and causes of action already asserted by State Court Parties in the State Court Suit. However, as noted in ¶¶ 1 and 2 above, such pursuit as to the Debtors (and their estates or successors) will proceed only against the EnerVest Entities.

7.      Nothing herein shall be construed or deemed to constitute an admission of liability by any of the Debtors or any of their estates or successors in the State Court Suit.

8.      The terms and conditions of this Agreed Order are immediately effective and enforceable upon its entry.

9.      Notwithstanding the relief granted in this Agreed Order and any actions taken pursuant to such relief, nothing in this Agreed Order shall be deemed, in these Chapter 11 cases, as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Agreed Order or the Joint Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Agreed Order in accordance with the Joint Motion.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Agreed Order.

**Signed:  June 01, 2018**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

20702219v.1

AGREED AS TO FORM AND SUBSTANCE:

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco (TX Bar No. 01797600)
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email: ptomasco@jw.com
Email: mcavenaugh@jw.com
Email: jwertz@jw.com

*Counsel to the Reorganized LINN Debtors*

/s/
Thomas H. Owen Jr.
Partner
Piranha Partners
/s/
Randolph Mundt
Partner
Piranha Partners
515 Heights
Houston, Texas 77007
Telephone 713-457-2900
Facsimile: 713-457-2902
Email: tom@chanlejen.com
Email: rpmundt@hotmail.com

*Pro Se for Piranha Partners*

20686107v.1

AGREED AS TO FORM AND SUBSTANCE:

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco (TX Bar No. 01797600)
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email: ptomasco@jw.com
Email: mcavenaugh@jw.com
Email: jwertz@jw.com

*Counsel to the Reorganized LINN Debtors*


/s/
Thomas H. Owen Jr.
Partner
Piranha Partners
/s/
Randolph Mundt
Partner
Piranha Partners
515 Heights
Houston, Texas 77007
Telephone 713-457-2900
Facsimile: 713-457-2902
Email: tom@chanlejen.com
Email: rpmundt@hotmail.com

*Pro Se for Piranha Partners*